THE STATE, through THOMAS ASKEW, State Tax Collector, *v.* THE SOUTH-
ERN STEAMSHIP COMPANY.

The State Tax Collector has a right to institute an action in the name of the State, for the recovery of
    taxes, when it is evident that the seizure of property would occasion an injunction.
The interest of a company in steamships is an object of taxation covered by the fifth clause of the first
    section of the Act of 1855.
Where an incorporated company has property subject to taxation in the district of its domicil, they are
    bound to apply to have the tax roll corrected if they are erroneously assessed.
The mill tax, under the Act of the Legislature of 1855, is levied to provide means for the education of
    the white youth of the State; it was approved the same day as the Act to provide a revenue, and
    being for different objects, both Acts must have effect, as they are not utterly repugnant to each
    other.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
    *Hunton & Miller*, for plaintiff. *H. J. Leovy*, for defendants and appellants.
    MERRICK, C. J. This suit is brought to recover from the defendants $1,034 20,
the amount of the State tax assessed upon $340,000, the amount of capital in-
vested or employed by defendant in the year (1857) in traffic, trade, merchandize
or any kind of commerce.

The defence to the action is a denial of authority of the Tax Collector to in-
stitute the suit; averments that interests in ships are not subject to taxation;
that the statutes creating the mill tax are repealed by the Act of 1855, No. 346,
and other statutes; that the stockholders of the company are assessed individual-
ly for the interests upon which the tax is claimed; that the valuation is excessive;
that the company have existed as a company only, a small portion of the year,
and that the assessors never applied for a list of property as required by sec. 34
of the Act of 1855, p. 510.

It appears to us, that the right to collect the taxes presupposes a right to stand
in judgment in suits of injunction, and even to institute an action in the name of
the State, wherever the taxes cannot otherwise be collected. It is true that the
law has indicated a more summary proceeding than suit for the collection of the
taxes; still as the Sheriff is charged with their collection, for which he is com-
pelled to give bond, we can see no sufficient reason why he should not be permit-
ted to use the name of his principal in a direct action, instead of seizing proper-
ty, if it is evident that the seizure will occasion an injunction, or other necessary
delay. Acts 1855, secs. 54, 56. It does not lie in the mouth of a defendant to
question the right to sue, when he admits the propriety of the same by the issue
he tenders, and a denial of the right of the State to recover. The Tax Collector
ought, however, to treat the assessment roll as a warrant authorizing him to levy
upon property, unless there are grave obstacles in the way of such proceeding.

The interest of the company in steamships seems to be an object of taxation
covered by the 5th clause of the 1st section of the Act of 1855. It names as
subject to taxation, "shares of stock or interest in steamboats, ships, brigs, schoo-
ners, and all other water crafts, whether at home or abroad."

As the company had property subject to taxation in the district of its domicil,
some effort ought to have been made to correct the tax roll, if it were erroneous.
The defendant has not, therefore, brought itself within the rule established in the
cases of the *City* v. *Lesseps* and the *City* v. *Rousseau.* 11 An. 251 and 195.

63

STATE
*v.*
S. STEAMSHIP Co.

The mill tax is given by the Act of 1855, and not by the Act of 1853, as supposed. It was approved the same day as the Act to provide a revenue. The mill tax is levied to provide means for the education of the white youth of the State. Acts 1855, p. 422, sec. 2. The tax to provide a revenue, is levied for the purpose of supporting the government, to pay the public debt and promote the public interests of the State. Ib. 502, sec. 1.

It is difficult to perceive how one of these two acts can repeal the other. They are for different objects, and being passed at the same time, must both have effect, unless they are utterly repugnant to each other.

The other grounds of objection are covered by the decision in the *Lesseps* case. 11 Ann. 251.

Judgment affirmed.