# SUPREME COURT OF TEXAS.

## TYLER TERM, 1878.

### R. E. SHANKS V. J. B. CARROLL.

1. NEW RULES—TAKING APPEAL TO SUPREME COURT.—A failure to observe the rules prescribed by this court regulating the manner of bringing cases before it, is a sufficient ground, in the discretion of the court, for the dismissal of an appeal or writ of error, unless good cause is shown why the rules were not observed.

2. SAME—PRACTICE IN SUPREME COURT.—The leading purpose in requiring the assignment of errors and copy of brief to be filed in the time and manner prescribed in the rules, was to facilitate attorneys in representing their cases in the Supreme Court without appearing before it in person. (Sup. Ct., R. 40.)

3. BRIEFS OF THE APPELLANT OR PLAINTIFF IN ERROR.—The brief, after a general and succinct statement of the nature and result of the suit as introductory, must exhibit, (1) in the shape of a separate proposition, each point embraced in each assignment of error taken ; (2) then, under each point thus presented as a proposition for the reversal of the judgment, there must be presented the substance of such proceedings contained in the record necessary for the court to know, in determining whether the judgment should be reversed, and (3) a citation of the authorities relied upon.

4. PROPOSITIONS. — In each proposition should be propounded or affirmed some matter or thing done or refused to be done in the court below, embraced in the appropriate assignment of error, for which the judgment should be reversed, or sustained.

5. BRIEF OF APPELLEE OR DEFENDANT IN ERROR.—Rules as to briefs by the appellee or defendant in error discussed and illustrated.

6. APPEAL DISMISSED.—See case where appeal was dismissed for failure to comply with the rules prescribed for taking and perfecting appeals, failure to file assignment of errors within the prescribed time, and failure to file briefs formed under the rules.

APPEAL from Cherokee. Motion to dismiss. The facts are sufficiently given in the opinion.

*Priest & Whitman,* for appellee and for motion.

*H. M. Whitaker* and *Wilson & Bonner,* for appellant.

MOORE, CHIEF JUSTICE.—The appeal in this case was perfected April 6, 1878, and it was the duty of appellant to have filed at the time this was done an assignment of errors in the District Court when the judgment was entered, and, ten days before the first day of the assignment of this court to which the case was returnable, she should also have filed in the District Court a copy of her brief. (Dist. Ct., R. 97, 100.) She has complied, however, with neither of these requirements. The assignment of errors was not filed until the 20th of July, and the brief but five, instead of ten, days before the time for filing the record in this court.

A failure to observe and comply with the rules prescribed by this court regulating the manner of bringing cases before it, is a valid and sufficient ground, in the discretion of the court, for the dismissal of an appeal or writ of error, unless good cause is shown why this is not done. It is not to be inferred, however, that the court must in all cases sustain motions to dismiss upon a mere failure to comply with the strict letter of this rule; but the court, in acting on such motion, may unquestionably "give such direction to the case as will cause the least inconvenience or damage from such failure, as far as practicable." (Sup. Ct., R. 39; Dist. Ct., R. 100.)

To determine how this may be done, we must consider the object and purpose which the court had in view in requiring the assignment of errors and copy of briefs to be filed in the time and manner prescribed. Evidently the leading purpose was to facilitate and more effectually aid attorneys to represent their cases in this court without appearing before it in person, if they did not desire to do so, as was evidently the purpose of the Legislature when it required the assignment of errors on which the case was to be heard and determined by

this court to be filed in the District Court. To do this, it is evidently necessary for appellee or defendant in error to see the assignments of error and brief which, by the rules of the court, he is called upon to answer, (Sup. Ct., R. 40,) a sufficient length of time before the call of the case in this court, to enable him to properly reply to it. Experience had also shown that the filing of the assignment of errors was often delayed until the last moment at which it could be done. This frequently resulted in delaying the preparation of the transcript by the clerk, delayed its filing in this court, embarrassed appellees in the preparation of their briefs and arguments, and retarded the court in the dispatch of business. It also led, as it is believed, to a looser and more indefinite character of assignments than was contemplated by the statute, than if made when the appeal or writ of error is first perfected and the grounds of objection to the judgment are fresh in the minds of counsel by whom the assignment is prepared.

There was certainly a considerable degree of negligence manifested by appellant in delaying to file her assignment of errors from April 6 to July 20, for which no excuse whatever is attempted to be made. But, at the same time, I cannot see that any essential damage or serious inconvenience has resulted to appellee from this delay, and "a good cause" for the failure to file a brief within the time prescribed by the rule has, as we think, been shown by appellant. If, therefore, such a brief as would reasonably enable us to dispose of the case as contemplated by the rules had been subsequently filed, (Dist. Ct., R. 100,) I think the court might properly dispose of this motion without an absolute dismissal of the appeal. But the supposed brief filed by appellant so obviously fails, in every essential particular, to comply with the rules, that it would be, in my opinion, an absolute disregard of both their letter and spirit to recognize or treat it as a brief in the case.

It is a fundamental requirement, that the brief upon which a cause is to be submitted to this court, after the general and

succinct statement of the nature and result of the suit, (not a particular and detailed account of the entire action,) which is intended as a mere introduction to the consideration of the questions to be decided, must exhibit, in the shape of a separate proposition, tersely and distinctly, each point embraced in each assignment of error taken in the case. The rule is by no means, however, to be understood as importing that the "point" to be "stated in the shape of a proposition to be maintained," should be the assertion or affirmation of a principle or rule of law, or some matter of fact tending to show that the error assigned is well taken. But is the propounding or affirming of some matter or thing done or refused to be done in the court below embraced in the particular assignment of error under which the "proposition" is made, for which the judgment should be reversed? Then, under the point thus presented as a proposition for the reversal of the judgment, there must be presented "a brief statement, in substance, of such proceedings" contained in the record, which it is necessary for the court to know or consider, in order to determine whether or not the judgment should be reversed for or on account of the matter or thing thus propounded. "This statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition," but must not contain "arguments, reasons, conclusions, or inferences." (Sup. Ct., R. 30, 31.) The brief contemplated and required by the rules should, in short, embrace nothing but the propositions—set forth clearly, distinctly, and separately—relied upon for the reversal of the judgment, the matters in the record pertinent to the proper determination of each proposition, and a citation simply of the authorities relied upon to maintain the validity or correctness of the propositions thus asserted; while all inferences and deductions, either from the authorities cited or from matters in the record thus stated, are to be presented to the court by an oral, written, or printed argument.

When the brief of the appellant is prepared in full and

complete accordance with the rules, if appellee desires merely an affirmance of the judgment, he need only join issue with appellant on the several points or propositions presented by him. (Sup. Ct., R. 29, 41.) But if he does not regard appellant's brief as a satisfactory presentation of the case, he must make his objections to the propositions of appellant, and may also present such additional propositions of his own as he may deem necessary to its correct determination. For example, if he thinks such is the fact, he may object to a proposition because it is not embraced by the assignment of error, and is not so fundamental as that the court should act upon it without an assignment. (Sup. Ct., R. 23, 24.) For if it is not, the error is waived by the failure to assign it, (Paschal's Dig., art. 1591,) and affords no ground for the reversal of the judgment. Or he may, by his objection, join issue with appellant on the question of law raised in his proposition. That is to say, admitting that the court below did or refused to do that of which appellant complains, it is no sufficient cause for the reversal of the judgment. Or he may object that appellant's statement of the record in support of his proposition does not sustain it; or that his statement has not been "made faithfully, in reference to the whole of that which is in the record bearing upon said proposition"; and then, correcting the misstatement of appellant, or stating such other matters contained in the record as in his opinion has a "bearing upon said proposition," take issue with him as to whether or not it maintains his proposition. Or should there be other matters in the record not embraced in appellant's propositions, or properly or so appropriately presentable by appellee's objections,—as, for example, that the supposed error was immaterial, had been waived by some act of appellant, or had been cured or corrected at a subsequent stage of the case,—such matters could be presented by appellee on propositions of his own, supported by a like statement of what is in the record, as that required of appellant. Or if error had been shown by appellant, and appellee deemed the

case a proper one for the reformation of the judgment in this court, or wished to invoke the judgment of this court on a question presented in the record to guide the court below on another trial, the action of the court could undoubtedly be invoked by propositions on his part.

We are, of course, not to be understood as having attempted, by what has been here said, to enumerate all the questions that may be presented by the objections and propositions of appellee, but merely, by a reference to some of them, to present to the mind the object and purpose which the court had in view in framing the rules. What has been said, we imagine, will make it obvious, that if briefs are prepared in accordance with these rules, that issue will be directly joined on each specific question of law and fact involved in the determination of the case; and that where there is a difference between the parties as to the contents of the record, the direct issue to which they are brought by their respective statements can be speedily and readily settled by the court by reference to the page of the transcript respectively cited by them. With the issues thus joined upon the questions of law and matters of fact,—*i. e.*, contents of the record pertinent to the propositions upon which the judgment is sought to be reversed,—the case will be fairly presented, as the parties have seen fit to make it, for the argument of counsel and decision of the court. To intermingle, however, their argument in their briefs would be as inappropriate as if they had done this in the court below, in the petition or answer, or in a statement of facts on which, by agreement, the case was tried by the court or jury.

If appellee had filed such a brief as contemplated by the rules, the court might have been able to dispose of the case, notwithstanding the failure to do so by appellant. (Sup. Ct., R. 43.) But she has come no nearer complying with the rules than appellant; and if we were to excuse the failure of appellant to file a copy of her brief in the court below in time, we should be forced to require the submission of the

case on other briefs than those the parties have now on file. In view of these circumstances, we think a dismissal of the appeal, leaving appellant to her writ of error, if she wishes to have the judgment reviewed by this court, will occasion as little damage and inconvenience to the parties as if we were to excuse the default complained of in the motion. It is also to be observed, that if a failure to comply with a rule of the court, for which no excuse is pretended to be given, is, as a mere matter of course, to be overlooked, the rule at once becomes a mere dead-letter, and might as well be revoked.

The motion to dismiss is sustained and the appeal dismissed.

DISMISSED.

[Justice BONNER did not sit in this case.]