WM. H. HOWARD AND WIFE v. THE MAYOR OF HOUSTON ET AL.

(Case No. 1531.)

1. TAXATION.— The act of July 4, 1879, prescribing a mode for the collection of state and county taxes, and extending its provisions to taxes levied by towns and cities, was cumulative of the remedy already afforded by the provisions of the city charter of the city of Houston, granted by the legislature on the 21st of April, 1879, which authorized the collection of taxes due the city by action of debt in any court having jurisdiction.

2. CASES CITED AND APPROVED.— Dugan v. Baltimore, 1 Gill, 499; State v. Steamship Co., 13 La. Ann., 497, and Oakland v. Whipple, 39 Cal., 113, cited and approved.

3. BILLS OF EXCEPTION — PRACTICE.— Though exceptions to the action of the court can be as well saved in the statement of facts as in a bill of exceptions, yet when a party resorts to this method of making a record of his objections to the ruling of the court below, he must follow the rules prescribed for bills of exceptions, and not for those governing statements of facts.

APPEAL from Harris. Tried below before the Hon. James Masterson.

This was a suit by appellees against the appellants to recover the amount of taxes claimed to be due the city of Houston on block No. 116, on the south side of Buffalo bayou in said city, for the

years 1869 to 1881, inclusive, and to foreclose a lien claimed to exist on said block for the taxes.

Judgment was rendered against appellants for the sum of $706.06, and for costs, and a decree of foreclosure, and said block ordered sold as under execution.

The charter of the city of Houston (approved April 21, 1879) contains this provision concerning the collection of taxes by suit: "The city council may, if it sees proper, adopt, as circumstances will permit, the same mode and manner of assessing and collecting taxes as may be provided by law for assessing and collecting state taxes, and all taxes due the city may be collected by an action of debt in any court having jurisdiction."

The legislature of Texas, on July 4, 1879, passed an act entitled "An act to enforce the collection of delinquent taxes." By the tenth section of that act it was provided that the "provisions of this act, et cet., shall apply to collectors of cities and towns, et cet."

W. P. Hamblen, for appellant.

S. Taliaferro, for appellee.                                    °

WILLIE, CHIEF JUSTICE.— It is insisted as a ground for reversing the judgment in this cause that the district judge erred in holding that the appellee could recover its ad valorem taxes by an action at law. By the provisions of section 31 and section 33 of the charter of the city of Houston of April 21, 1879, in force at the time this suit was brought, all taxes on real estate were made a lien and charge upon the property, and all taxes due the city were allowed to be collected by an action of debt in any court having jurisdiction. The city was also allowed to adopt, as near as circumstances would permit, the same mode and manner of assessing and collecting taxes as might be prescribed by law for assessing and collecting state taxes. In the event, therefore, that there was a manner prescribed by law for the collection of state and county taxes different from that of bringing suit for them, for instance, by seizure and sale of property, the city would have two remedies to enforce her taxes,— an action at law, and the summary proceeding prescribed by the statute.

At the time this charter was adopted there was no summary remedy of seizure and sale provided by law, but on the 4th of July, 1879, the legislature passed an act prescribing such remedy for the collection of state and county taxes, and enacted that its provisions should apply as well to collectors of taxes for towns and cities as

for collectors of taxes for counties, and that they should be governed in selling real and personal property by the same rules and regulations in all respects, as to time, place, manner and terms, and making deeds, as are provided for collectors of taxes for counties. It is urged by appellants that this act repealed that portion of the above sections of the charter which allowed city taxes to be collected by suit, or rather so amended it as to make it read as if that provision was left out of section 33 altogether. We do not so construe the act of July, 1879, nor give it any such effect. Independent of all questions as to the right of the legislature to engraft an amendment upon one of its own acts without re-enacting it as amended, our view of the effect of the statute is that it gave to the city another remedy for the enforcement of its taxes, cumulative of the one it already possessed of resorting to an action at law.

We infer this from the fact that no express repeal or amendment of the sections is made which would take away the remedy by suit; that the charter contemplated that a different remedy might at some time be provided by law in addition to that by action of debt, and that when this was done the city should be entitled to that remedy also. Why prescribe that the city might resort to such mode or manner of assessing and collecting taxes as might be prescribed by law in the case of state taxes, and might also collect her taxes by an action of debt, if, at the moment the state prescribed a different mode of collection, this additional proceeding should be denied to the city?

It is argued by counsel that, when a specific remedy to enforce taxes is provided by statute, an action at law cannot be resorted to, although it may be used if no other remedy is thus specified. This might be admitted for the purposes of the present case, and yet this suit could be maintained. Wherever his proposition as above stated has been adopted by the court, the qualification accompanies it that, if the remedy by suit is also expressly allowed, this remedy can, of course, be used; which, as we have shown, is the case here.

The principle for which appellant contends is not well established, and much conflict of decision exists upon the subject, such respectable courts as those of Maryland, Louisiana and California holding that suit can be maintained, notwithstanding another mode of collection is provided. Dugan v. Baltimore, 1 Gill & J., 499; State v. Steamship Co., 13 La. Ann., 497; Oakland v. Whipple, 39 Cal., 113. This denial of a right of action for taxes, where another method of collection is prescribed, seems to rest upon the idea that a tax is not a debt. If it be not such, it is difficult to understand how an action

of debt can be maintained for taxes where no other mode for their enforcement is provided. They do not become any less a debt by reason of such remedy being provided, and yet it is universally held that an action will lie where no specific course for their collection is pointed out by law. Cooley on Taxation, p. 13, and authorities cited in note 1.

Moreover, the doctrine for which appellants contend, wherever it is upheld, is qualified with the proviso that the special remedy must be prescribed in the very law that confers the right of taxation. City of Camden v. Allen, 26 N. J., 398, 402, 403; U. S. v. Lyman, 1 Mason's C. C. R., 481; Durant v. Supervisors, 26 Wend., 66.

In the present case not only does the act incorporating the city of Houston not prescribe the summary remedy which it is claimed the city should have pursued, but it specially permits an action of debt, and the mode of procedure by seizure and sale of property is prescribed in a different statute long subsequently adopted. We think it is cumulative of the remedy pursued in this case and not exclusive of it, and the court below did not err in refusing to dismiss the cause.

We are also asked to revise the ruling of the district court in admitting certain tax rolls in evidence over the objections of the defendant. The only place in which these objections and the action of the court upon them appear is in the statement of facts, and they are not embodied in any bill of exceptions. This statement of facts, in pursuance of an order of the court duly entered, was made up, signed and filed within ten days after the adjournment. This rendered it legal and entitled to our consideration as a statement of all the evidence introduced upon the trial; but to give any part of it force as a bill of exceptions, it should have been made out and presented to the court, and to the opposite party, and filed as prescribed in cases of other bills of exception. It is imperative that these should be completed and filed at least during the term of the court, or they cannot be considered. Whilst exceptions to any action of the court can as well be saved in the statement of facts as in a regular bill of exceptions, for obvious reasons and in obedience to express statutory requirements, where a party resorts to this method of making a record of his objections to the rulings below, he must follow the rules prescribed for bills of exceptions and not for those governing statements of facts. As this was not done in the present case, the objections will not be considered.

There is no error in the judgment and it is affirmed.

Affirmed.

[Opinion delivered March 6, 1883.]