NORMAN H. STEPHENS ET AL. v. R. B. HERRON.

No. 1427. Decided May 22, 1905.

**1.—Bill of Exceptions—Statement of Facts.**

Exceptions to the exclusion of a deed offered in evidence, preserved in the statement of facts and not by a separate bill of exceptions, could properly be considered on appeal. · (Pp. 65–67.)

**2.—Same.**

It is not necessary that each ruling complained of be preserved in the record by a separate bill; several or all may be embraced in one bill; and a statement of facts settled in due time, agreed on by the parties and signed by the judge, complies with all the requirements for such bill. (P. 66.)

**3.—Same—Rules of Court.**

Rule 56 for the government of district courts, permitting exceptions to evidence admitted to be preserved in the statement of facts may be considered as permissive, and not as prohibiting exceptions, to evidence excluded from being so saved; and even if implying such prohibition, rules of practice prescribed by the court are not, like statutory rules, inflexible, but may be made to yield to the particular circumstances of the case. (P. 67.)

**4.—Cases Discussed.**

Home Circle v. Shelton, 12 Texas Ct. Rep., 202, overruled, and dicta in Roundtree v. City of Galveston, 42 Texas, 612, and Howard v. Mayor of Houston, 59 Texas, 76, as to preserving exceptions in the statements of facts, approved. (P. 65.)

**5.—Innocent Purchaser—Unrecorded Deed—Power of Attorney.**

A wife buying land from her husband was not precluded from being an innocent purchaser, as against an unrecorded deed to same made under power of attorney from them, by the fact that she had joined her husband in executing such power. (P. 67.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Stonewall County.

*Fiset, Miller & McClendon,* for appellant, on sufficiency of the statement of facts to preserve the exception, cited and discussed: International Bldg. & L. Assn. v. Hardy, 26 S. W., 523; Heffron v. Pollard, 73 Texas, 96; Howard v. North, 5 Texas, 302; Howard v. Mayor of Houston, 59 Texas, 79; Putnam v. Putnam, 3 Arizona Rep., 1829; Oriental Inv. Co. v. Barclay, 93 Texas, 425; Ft. Worth Ry. Co. v. Roberts, 81 S. W. Rep., 25; Roundtree v. City of Galveston, 42 Texas, 623; Vicksburg & M. Ry. Co. v. Ragsdale, 51 Miss., 458; Kleinschmidt v. McAndrews, 117 U. S., 286; Herbert v. Butler, 97 U. S., 319; Kerr v. Campitt, 95 U. S., 188; Montana Ry. Co. v. Warren, 137 U. S., 350; Lees v. U. S., 150 U. S., 476; Stirling v. Wagner, 31 Pac. Rep., 1034 Richards v. State, 22 Neb., 146; Edwards v. Kearney, 13 Neb., 502; Morehead v. Adams, 18 Neb., 570; Alexander v. U. S., 57 Fed. Rep., 831; Wilson v. Giddings, 28 Ohio St., 554; State v. Fay, 43 Iowa, 652.

*W. J. Arrington, J. W. Crudgington* and *Theodore Mack,* for appellee.—The exclusion of defendant's title papers not being properly excepted to, can not be the subject of review in the appellate court in a cause tried without jury, where the record fails to show findings of fact and conclusions of law by the trial judge. Home Circle v. Shelton, 12 Texas Ct. Rep., 202; Scott v. Llano County Bank, 12 Texas Ct. Rep., 781; Lockett v. State, 40 Texas, 5; Cooper v. State, 7 Texas App. (Crim.), 197; Green v. State, 12 Texas App. (Crim.), 51; Blackwall v. State, 26 S. W. Rep., 597; McWhorter v. State, 13 Texas (Crim.), App., 523; Branch v. State, 15 Texas (Crim.), App., 96; Collins v. Panhandle National Bank, 75 Texas, 254; Hausmann v. Trinity and Brazos Valley Railway Company, 82 S. W. Rep., 1052.

The judgment of the trial court is free from error, because the facts indisputably show that the grantor of appellee was an innocent purchaser in good faith of the land in controversy, and was not chargeable with constructive notice of the execution of the power vested in the donee in a naked power of attorney, not coupled with an interest. 1 Devlin on Deeds, 2d ed., secs. 375, 383; Tiedman on Real Property, sec. 558.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Second Supreme Judicial District have certified for our decision the following questions:

"In this case, which was tried before the court without a jury, resulting in a judgment for appellee, and which is now pending before us on appeal, error is assigned to the action of the trial court in excluding from the evidence a deed executed by E. Lucien Richie as attorney in fact for J. A. Trumbull and his wife, Mary H. Trumbull, to Jane Dunham, conveying the lands in controversy. The date of this deed was October 26, 1877, and it was made under a power of attorney executed by said Trumbull and wife, May 19, 1877. The deed was not recorded in the counties where the lands are situated until the year 1903. The lands were patented in the year 1874 to J. A. Trumbull, who conveyed the same to his wife in February, 1880 by deed duly recorded, who, in 1901, after his death, by deed of gift, conveyed same to appellee. Appellant holds under said conveyance from Jane Dunham.

"Appellee objects to our considering the ruling complained of, because, as he insists, there is no bill of exceptions in the record to sustain the assignment. The excluded evidence is set out in the statement of facts as having been offered and excluded on objections therein shown, to which ruling appellant at the time excepted, as also appears from the statement of facts, which was "examined, allowed and approved" by the judge after it had been agreed to and signed by counsel as a "true, full and complete statement of all the facts adduced in evidence on the trial of said cause." The statement of facts was filed within the time allowed for filing bills of exception. The court excluded the deed, as appears from said statement of facts, on the objection that the attorney in fact did not have the power to make it upon the consideration recited therein, and because the acknowledgment was not sufficient to admit it to record under the Texas statutes; but neither of these objections, in our opinion, was well taken. In this connection we refer your Honors to the briefs of counsel for a statement of the consideration recited in the deed, and also for a copy of the acknowledgment objected to, and other facts bearing upon the issues involved. Without this evidence appellant had no case.

"In view of the ruling made by the Court of Civil Appeals for the Fifth Supreme Judicial District, in the case of Home Circle v. Shelton, 12 Texas Court Reporter, 202, with which we would be in conflict were we to consider as a bill of exceptions the matter set out in the statement of facts as above indicated, the cases in this respect being parallel so far as we can see; and in view of the following language used by Justice Moore, in the case of Roundtree v. City of Galveston, 42 Texas, 612; "In our liberal practice, discarding mere matters of form, the statement of facts may be made to serve the purpose also of a bill of exceptions; for the reason that it bears upon its face the concurrent assent of the parties and the court;" we deem it advisable to certify to your Honors for decision, whether or not we can consider as a bill of exceptions an agreed statement of facts in which evidence offered and excluded is set out, and which shows the objections on which it was excluded with the exception there reserved? In other words, whether a bill of exceptions taken to the exclusion of evidence and incorporated in an agreed statement of facts may be considered on appeal?

"If Your Honors should answer this question in the affirmative, holding that the bill of exception may be considered, then the question arises, whether Mary H. Trumbull, who claims to have been an innocent purchaser from her husband, having paid him a valuable consideration for the land without any actual notice of the conveyance to Jane Durham, could be innocent purchaser, in view of the outstanding power of attorney which she had joined her husband in making? and this question also we deem it advisable to certify, referring your Honors to the briefs of counsel for a fuller statement of the issue in this respect."

We are of opinion that the bill of exception should be considered. It has been the universal practice of the courts of this state, to look to the substance and not to the form in matters of procedure. The substantial requirements of our statutes in reference to bills of exception, are that the exceptant shall draw his bill and present it to the trial

judge for his signature within ten days after the conclusion of the trial; that the judge shall submit it to the adverse party or his counsel, and that if it be found correct it shall be signed without delay and delivered to the clerk to be filed. (Rev. Stat., arts. 1364, 1365, 1366.) Here the statement of facts in which the exception was incorporated, is agreed to and signed by both parties and by the trial judge. It is therefore apparent, that as to this bill of exception there has been a substantial compliance with every requirement of the statute. The purpose of providing that the bills should be submitted to the adverse party or to his attorney was to give him an opportunity to object; and since it has been presented to him in the statement of facts, and he has objected neither to its substance nor to the irregularity of its being so incorporated, if irregularity it be, we think he should now be held estopped from making such objection.

But we think we may safely go further. In the English courts the practice was to take a case tried in a court of law to the higher court upon a bill of exceptions, and as we understand, usually the one bill contained all the exceptions which were taken during the progress of the case, together with a statement of such other matters—and especially so much of the evidence adduced upon the trial—as was necessary to elucidate the rulings of the court to which exceptions were taken. Our statutes however provide for a statement of facts as independent of the bills of exception, and also provide that evidence which appears in the statement of facts need not be embodied in the bill of exceptions. It also seems that in regulating the manner in which bills of exception should be made parts of the record, the Legislature had in mind the preparation of a separate bill for each exception—though there is no express requirement to that effect. Notwithstanding this, we apprehend, that exceptions would be good, though more than one be embodied in a single bill; and for a like reason, we think an exception, which appears in a statement of facts, which has been agreed upon by all parties and approved by the trial judge should not be disregarded. Such evidently was the opinion of the very able court who decided the case of Roundtree v. The City of Galveston (42 Texas, 612) though the remarks of Judge Moore upon the subject (quoted in the certificate of the Court of Civil Appeals in this case), were not necessary to the decision of that case. So in Howard v. Houston (59 Texas, 76), Chief Justice Willie says: "Whilst exceptions to any action of the court can as well be saved in the statement of facts as in a regular bill of exceptions, for obvious reasons and in obedience to express statutory requirements, where a party resorts to this method of making a record of his objections to the rulings below, he must follow the rules prescribed for bills of exceptions and not for those governing statements of facts." The same view of the question is taken by the Supreme Court of Arizona, whose statutes with reference to statements of fact and bills of exceptions are substantially the same as ours. In the case of Putnam v. Putnam (3 Ariz., 192) that court says: "We think that the practice to allow exceptions to the admission of evidence, as well as to the rejection of proposed evidence, and other rulings and actions of court during the progress of the actual trial of the cause, to be embraced in the state-

ment of facts, is to be commended, as being convenient, simple, and expeditious, and as tending to render the record less cumbersome."

A difficulty in the way of our holding upon this question is presented by rule 56 of rules for the government of the district courts, which was first adopted in the year 1877 and which reads as follows: "Exceptions to evidence, admitted over objections made to it on the trial, may be·embraced in the statement of facts, in connection with the evidence objected to." This rule does not expressly prohibit the incorporation of a bill of exceptions to the ruling of the court in excluding evidence, in the statement. Its language is permissive and directory; and it may be gravely doubted, whether the purpose was not to leave the law as to exceptions of the latter character as it aforetime was. But our decisions distinguish rules of the court from statutory rules and hold that the former unlike the latter are not inflexible. In Mills v. Bagby (4 Texas, 320), speaking on this subject, Judge Lipscomb says: "If it had rested on a rule of practice established by the court, it would have been competent for the court so to adapt its exercise as to prevent any particular oppression and to make it yield to the particular circumstances of the case." (See also DeLeon v. Owen, 3 Texas, 153.) Besides it is held in Langton v. Marshall (59 Texas, 297) that if a party wishes to take advantage of the failure of the adverse party to comply with a mere rule of practice he should make his objection in the trial court. The appellee in this case not having objected to the incorporation of the bill of exceptions in the statement and the bill otherwise having been seasonably and properly drawn, approved and signed and filed, we are of opinion he can not upon appeal complain that it is not in compliance with the rule.

We answer the second question in the affirmative. We do not think that the mere fact that Mrs. Trumbull executed with her husband a power of attorney to sell land in which she had no interest, would necessarily affect her with notice of a conveyance under the power.