### F. H. LUMMUS SONS & COMPANY v. H. A. WADE.

#### Decided May 28, 1906.

**Justice Court—Judgment by Default—Setting Same Aside.**

At the request of plaintiffs a justice of the peace rendered a judgment by default against the defendants. On the same day, upon motion of defendants setting up good cause, the justice set aside the judgment by default, over the protest of plaintiff's attorney on the ground that plaintiff was entitled to a full day's notice of said motion. Held, while the action of the justice was irregular, it was not void. Rev. Stats., art. 1651, construed. Aycock v. Williams, 18 Texas, 393, and Smith v. Carrol, 4 Texas Ct. Rep., 295, distinguished.

Appeal from the District Court of Leon County. Tried below before Hon. Gordon Boone.

*C. D. Gustavus,* for appellant.—A justice of the peace has no authority to grant a new trial except upon written motion and after one full day's notice of the motion is given to the opposite party or their attorney of record. After final judgment his jurisdiction over the parties and cause ceases, and can only be reacquired upon motion in writing for a new trial and by giving one full day's notice of the motion to the adverse party or their attorney or record. Rev. Stats., 1895, arts. 1652 and 1654; Aycock v. Williams, 18 Texas, 393; Smith v. Carrol, 4 Texas Ct. Rep., 295.

GILL, CHIEF JUSTICE.—F. H. Lummus Sons & Company brought this action against H. A. Wade, a justice of the peace, to compel him by mandamus to issue an execution on a judgment by default rendered by him in favor of plaintiffs against A. and R. F. Emanuel. Upon a hearing on the merits the trial court denied the relief sought, and plaintiffs have appealed.

The undisputed facts upon which this suit is predicated are as follows:

Appellants sued A. and R. F. Emanuel before H. A. Wade, a justice

of the peace, to recover upon two promissory notes for $43 each. The defendants therein filed their plea in reconvention for damages, and on January 22, 1904, there was a mistrial, the jury failing to agree on a verdict. At the February term of the Justice Court in which the cause was pending, the amended complaint of plaintiffs was stricken out on motion of defendants, and the cause was submitted to the jury on the amended plea in reconvention. The defendants during the trial asked leave to withdraw their announcement of ready in order to amend further, which was granted on condition that plaintiff have a continuance.

On March 25, 1904, at the succeeding term of the Justice Court plaintiffs' attorney appeared before the justice at 10 a. m. sharp and the amended plea of defendants not being in, demanded a judgment by default upon the statement of his claim entered upon the justice's docket. The notes sued on were with the papers in the hands of defendants' attorneys, and no evidence was introduced. Neither defendants nor their attorneys were present, nor did they know of plaintiffs' purpose to call the case prior to 1 o'clock, the time which defendant claimed had been agreed on. The justice rendered judgment by default for the amount of plaintiffs' claim. A jury had been demanded by defendants and the jury fee paid. It is this judgment upon which plaintiffs seek to compel the issuance of execution. The application is based upon the following facts:

Defendants' attorneys appeared with their amended plea in reconvention at 1 o'clock, and learning that judgment had been entered, at once filed a motion to set aside the judgment by default, setting up facts which this record sustains and which required the judgment to be set aside. The plaintiffs' attorney was present and protested against the hearing of the motion on the ground that plaintiffs had not had one full day's notice of the motion as required by law. The justice ignored the protest, heard the motion, set aside the default judgment, and called the case for trial as per the alleged agreement of that morning. Plaintiffs' attorney refused to participate in the trial and defendant had judgment.

The two points made by plaintiffs upon this state of facts are:

First. That the order setting aside the judgment by default is a nullity because plaintiffs were not given one day's notice thereof as required by law, and

Second. The judgment rendered by the justice in favor of defendants is a nullity because the statute forbids the retrial of the cause at the same term at which the new trial was granted.

Article 1651 of the Revised Civil Statutes provides: "Any justice of the peace shall have power at any time within ten days after the rendition of a judgment by default or dismissal to set aside such judgment on motion in writing, for good cause shown, supported by affidavit. Notice of such motion shall be given to the opposite party at least one full day prior to the hearing thereof."

Article 1654 is as follows: "Where a judgment is set aside or a new trial granted the cause shall be continued to the next regular term, unless otherwise agreed by the parties with the consent of the justice."

It was held in Aycock v. Williams, 18 Texas, 393, that after a justice

of the peace had rendered judgment in a cause pending before him his jurisdiction ceased until further invoked by a motion for a new trial, and that if such motion was granted without notice to the opposite party, the judgment was a nullity. Smith v. Carrol, 4 Texas Ct. Rep., 295, is to the same effect.

We think, however, the case before us is distinguishable from those cases. Here the jurisdiction was reinvoked by the motion, and the plaintiffs' attorney was actually present in court. There was therefore actual notice and the presence of the parties. The action of the justice, while irregular, was not void. (1 Black on Judgment, sec. 85.) The facts upon which the motion was predicated are not disputed.

The action of the court in retrying the cause at the same term is not before us, as the second judgment is not here brought in question.

We think the judgment should be affirmed and it is so ordered.

*Affirmed.*