DESMORNES v. DESMORNES.

APPEAL from the District Court of Humacao.

No. 101.—Decided February 28, 1907.

APPEAL—DISMISSAL AND REINSTATEMENT OF APPEAL.—The Supreme Court has authority to set aside an order dismissing an appeal and reinstate the same where it was dismissed for failure to comply with the rules of the court and if reasons given by the appellant are good and sufficient to excuse such failure.

ID.—In the case at bar the appeal was dismissed because the appellant failed to file his brief. The appellant prayed for a reconsideration of the order, and that the appeal be reinstated, alleging that the grounds of the appeal had been set forth in the statement of facts on the belief in good faith that this was sufficient and that no brief was necessary, this practice having been expressly authorized by an order of court in another case where counsel for appellant appeared for one of the parties. *Held:* That the error of counsel in this case was justified by an erroneous construction of the order referred to, and that in view of the circumstances of the case at bar the appeal would be reinstated.

The facts are stated in the opinion.

*Mr. Vias Ochoteco* for appellants.

*Mr. Hawkins* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 16th of January, 1907, this court dismissed the case of *Isabel and Josefa Desmornes* v. *Herederos desconocidos de Adolfo Desmornes,* because of the failure of appellant to comply with rule 54 of this court. The appellant has now filed a motion asking the court to revoke the order made by it, and to reinstate the case.

At the time when the motion to dismiss the case was filed, the appellant urged that he had not presented a brief as required by rule 54 because he understood in good faith, and it was his belief, that such brief was unnecessary, and not required by the rules of this court in cases in which with the appeal itself there was presented a statement of the case, in which said bill the appellant had complied with the same requirements prescribed by rule 54.

In the motion to reinstate the appellant urges in addition that he has always been diligent in the case.

That even if he had not mistaken the requirements of the rule, he could not have prepared his brief much sooner, as a copy of the statement of the case was not handed to him by the secretary of the district court until the 24th of December, 1906. Furthermore, that as soon as it was brought to his knowledge that application for dismissal had been made he promptly mailed a copy of the brief to Mr. Texidor with the request that the latter file the same in this court.

Our attention is called to several authorities to the effect that this court, in its discretion, may reinstate a case where a dismissal has been made for failure to comply with the rules, and where the appellant gives a good and reasonable excuse for his failure, and we have no doubt of our power in the premises. Indeed the principal contention of counsel of appellee is that the discretion of the court should not be exercised in this case.

We notice that the brief finally presented by counsel for appellant contains the same matter which was appended to the statement of the case. The question then arises, has the appellant shown himself entitled to the indulgence of this court when it is evident that there was not a strict compliance with the rules of this court until after the motion for dismissal was made. The practices in the various States differ as to the manner in which the filing of briefs is required by the court. There are decisions, however, in which courts of appeal have under less stringent rules dismissed for failure to file a brief. (*Missouri Pacific Railway Co.* v. *Illig.*, 20 Mo. App., 327; *Conkling* v. *Cameron,* 3 Okla., 525; 41 Pac., 609; *Shanks* v. *Carroll,* 50 Tex., 17; *Smith* v. *Tenney,* 60 Ill., App., 442.)

This court will generally insist upon the strict compliance with the rules. Cases are generally not set until the brief for the appellant has been filed, and the time for the appellee to file his reply brief has expired.

In the case before us, however, we think that the appellant showed a disposition to comply with the practice of the court as he understood it. Indeed, in the case of *Marcelino Solá Rodríguez* v. *Pedro Orcasitas Muñoz* this court ordered a statement to be prepared which should contain the error alleged and the grounds on which the applicant would base his appeal. In that case attorney for appellant here was counsel for appellee and might have fallen into error by his failure to understand the exact nature of the order made

therein by us. Under these circumstances we think the discretion of the court should be exercised to reinstate the case.

*Accordingly decided.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.