

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. W. Cox, M. D.
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-4772
Re:— Authority of the Attorney General to represent the State Department of Health in suit for recovery of fees due under provisions of Article 4476-a, Vernon's Annotated Civil Statutes.

Your letter of August 17, 1942, requests the opinion of this department as to whether it is the duty of the Attorney General to represent the State Board of Health in a suit against a bedding manufacturer for recovery of fees and charges imposed upon such manufacturers by Senate Bill 200, Acts 1939, 46th Leg., p. 376, codified as Article 4476-a, V.A.C.S.

Article 4476-a, which is a regulatory measure, imposes various fees upon persons manufacturing and selling bedding. It further provides that a label shall be attached to each article of bedding manufactured, and that a revenue stamp shall be attached to such label. The manufacturer, described by you has refused to attach the label or the revenue stamp to articles of bedding manufactured by him.

While the statute provides a criminal penalty for violation of its provisions, we are of the opinion that upon the manufacture of the article of bedding, the manufacturer becomes liable to the State for the amount of the revenue stamp required to be attached thereto. Such liability is a debt to the State, and may be enforced by suit. Howard v.

Mayor of Houston, 59 Tex. 76; Cave v. City of Houston, 65 Tex. 619; State v. Williams, 8 Tex. 354; Texas Banking & Insurance Co. v. State, 42 Tex. 636.

Section 22, Article 4 of the Constitution, after proscribing certain, specific duties of the Attorney General, provides that he shall "perform such other duties as may be prescribed by law."

Article 4446, R.C.S. reads, in part, as follows:

"In all matters wherein the State Board of Health shall invoke the aid of the courts, the action shall run in the name of the State of Texas. The Attorney General shall assign a special assistant to attend to all legal matters of the board. Upon demand of the board, the Attorney General shall furnish the necessary assistance to the board to attend to all its legal requirements. . . ."

Section 5, Article 4476-a, charges the State Board of Health with the enforcement of the Act.

We are, therefore, of the opinion that it is the duty of the Attorney General to represent the State, in a suit brought at the instance of the State Board of Health for the collection of delinquent fees imposed by Article 4476-a, V.A.C.S.

Trusting that we have fully answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Fowler Roberts
Fowler Roberts
Assistant

FR:ff