L. B. SMIRL V. GLOBE LABORATORIES, INCORPORATED, ET AL.

No. A-547. Decided June 20, 1945.
(188 S. W., 2d Series, 676.)

42

*Eugene DeBogory, Eades & Eades, Chaney & Davenport,* and *Allen Eades,* all of Dallas, for respondents.

*Cantey, Hanger, McMahon, McKnight & Johnson* and *J. A. Gooch* of Fort Worth, for Globe Laboratories, *Thompson, Knight, Harris, Wright & Weisberg* and *Pinkney Grissom,* all of Dallas, for Sears, Roebuck & Co., respondents.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Rule 355, Texas Rules of Civil Procedure, provides in part as follows:

"(a) When the appellant is unable to pay the costs of appeal or give security therefor, he shall be entitled to prosecute an appeal by filing with the clerk his affidavit stating that he is

unable to pay the costs of appeal or any part thereof, or to give security therefor.

"(b) The clerk shall forthwith give notice of the filing of such affidavit to the opposing party or his attorney.

"(c) Any interested officer of the court or party to the suit, may contest the affidavit within ten days after the giving of such notice whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is pending shall set the contest for hearing, and the clerk shall give the respective parties notice of such setting."

Appellant executed and filed an affidavit in lieu of an appeal bond as provided in the above rule. No contest was filed. The Court of Civil Appeals dismissed the appeal on the ground that the clerk of the lower court had not given appellee notice of the filing of the affidavit. 186 S. W. (2d) 371.

■ We find no evidence in the record to substantiate the holding that the clerk failed to notify appellee of the filing of the affidavit. The record is silent on this point. It is true the record does not contain copy of a formal notice with a sheriff's or constable's return showing service of such notice, but we do not deem this necessary. The rule does not prescribe the form of the notice nor the character of proof necessary to show service. Such notice may be given by word of mouth, by letter, or by telephone. It is purely an informal matter, and any means by which appellee or his attorney is given knowledge of the filing of the affidavit will suffice. Stark v. Dodd (Tex. Civ. App.), 76 S. W. (2d) 865, par. I; Hawk v. State (Tex. Ct. Crim. App.), 27 S. W. (2d) 178; Varn v. Varn (Tex. Civ. App.), 125 S. W. 639; F. H. Lummus Sons Co. v. Wade (Tex. Civ. App.), 95 S. W. 17; 46 C. J. 557, sec. 65. While the rule provides that notice shall be given by the clerk, if it is actually given by appellant or his attorney, or if appellee otherwise acquires the necessary information, he is in no position to complain. See authorities above cited. In view of the wide variety of methods that are available for the giving of the notice, it is hardly contemplated that a formal return would be made showing service of the notice. At any rate, the rules do not expressly require that a return showing service of the notice be embodied in the transcript, and consequently its absence from the transcript does not establish the notice was not given.

■ One desiring to bring before the court facts not apparent in the record should support his motion by affidavit "or other satisfactory evidence." Rule 406. This was not done in this instance.

However, if appellee failed to acquire knowledge of the filing of the affidavit in lieu of bond in time to file the contest, he should have an opportunity to show that fact. The appellate court has power by affidavit or otherwise, as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction. Rev. Stat., Art. 1732; Ennis Mercantile Co. v. Wathen, 93 Texas 622, 57 S. W. 946; Seiter v. (Smith) Marschall, 105 Texas, 205, 147 S. W. 226; 3 Tex. Jur. 437. Under the above rule, the appellee may present his proof to the appellate court, and have the court determine the issue as to whether notice of the filing of the affidavit was or was not given.

But where proof is made that the notice was not given, the court should not impose on appellant the harsh penalty of dismissal of the appeal on account of the neglect of the clerk without affording appellant an opportunity to correct error. This would be imposing too great a penalty on the appellant on account of the negligence of third party. In this connection, it has been held that where, on account of the neglect of the clerk, the record is incomplete so that it fails to show the jurisdiction of the appellate court, the appeal should not be dismissed without giving appellant an opportunity to correct the transcript. Wells v. Driskell, 105 Texas 77, 145 S. W. 333; Blalock v. Slocomb (Com. App.), 245 S. W. 648.

■ If possible, the court should give appellant an opportunity to establish his right to appeal in order that the case may be disposed of on its merits. The object of the new rules is "to obtain a just, fair, equitable, and impartial adjudication of the rights of the litigants" (Rule 1), and where this can be done without doing violence to the rules or injustice to the rights of the parties, it is the duty of the court to do so. In Texas Employers Ins. Assn. v. Evans, 117 Texas 113, 123, 298 S. W. 516, 520, this Court said:

"The office of a rule of procedure is to facilitate, rather than hinder, a speedy and final determination of all law suits in that way which will secure to litigants their substantial rights and to promote the peace and good order of the State." This Court has always held that where a practice is established by a rule of

court it is competent for the court so to adapt its exercise as to prevent any particular oppression and to make it yield to the particular circumstances of the case. In the case of Stephens v. Herron, 99 Texas 63, 67, 87 S. W. 326, 328, this Court said:

"But our decisions distinguish rules of the court from statutory rules and hold that the former unlike the latter are not inflexible. In Mills v. Bagby (4 Texas 320), speaking on this subject, Judge Lipscomb says: 'If it had rested on a rule of practice established by the court, it would have been competent for the court so to adapt its exercise as to prevent any particular oppression and to make it yield to the particular circumstances of the case'."

In DeLeon v. Owen, 3 Texas 153, 154, it is said:

"If these rules were established by the court to secure the dispatch of business and promote the ends of justice, the court would be competent so to modify them as to prevent any particular hardship or serious injury."

In Shanks v. Carroll, 50 Texas 17, 18, it is said:

"A failure to observe and comply with the rules prescribed by this court regulating the manner of bringing cases before it, is a valid and sufficient ground, in the discretion of the court, for the dismissal of an appeal or writ of error, unless good cause is shown why this is not done. It is not to be inferred, however, that the court must in all cases sustain motions to dismiss upon a mere failure to comply with the strict letter of this rule; but the court, in acting on such motion, may unquestionably 'give such direction to the case as will cause the least inconvenience or damage from such failure, as far as practicable'."

This principle has been applied in the protection of the right to appeal. Pedley v. Berry, 95 Texas 72, 65 S. W. 32. See also 3 Tex. Jur. 943; 11 Tex. Jur. 821; Golden v. Odiorne, 249 S. W. 822; Texas Employers Ins. Assn. v. Lightfoot, 139 Texas 304, 162 S. W. (2d) 929; 15 C. J. 912; 21 C. J. S. 284; Rule 817.

Our rules provide a method for granting full relief under circumstances such as are here presented. Rule 434 provides in part as follows:

"Provided, second, that if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presen-

tation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred."

The above rule evidences the policy of this Court as to the procedure to be followed when the failure of the trial court to act on a matter, such as is here under consideration, has prevented a proper presentation of the cause to the Court of Civil Appeals. Where it is established that appellee did not have an opportunity to contest the affidavit in the lower court, the court of appeals should give him such an opportunity, and if he avails himself thereof, the appellate court should delay the appeal until the lower court can determine the contest and make the record show the results thereof. Boggess v. Harris, 90 Texas 476, 39 S. W. 565. This may yet be done. Id. Either party may then present a supplemental record containing the new matter to the appellate court, by agreement of the parties or upon order of the lower court, or may secure an order from the appellate court to have such record sent up from the lower court. Rule 428; Boggess v. Harris, supra; 3 Tex. Jur. 761. The effect of such procedure would be to restore the status quo as of the time when the clerk failed to do his duty. No one will suffer any injury to his substantive rights if this procedure is followed.

Since the Court of Civil Appeals improperly dismissed the appeal, it is the duty of this Court to remand the case to the Court of Civil Appeals for further consideration. Bomar v. West, 87 Texas 299, 28 S. W. 519; Blalock v. Slocomb (Com. App.), 245 S. W. 648, and authorities there cited. Accordingly, the judgment of the Court of Civil Appeals, dismissing the appeal, is reversed, and the cause is remanded to that court for consideration in accordance with this opinion.

Opinion delivered June 20, 1945.