**V. K. WEDGWORTH, Appellant,**

v.

**R. L. COOK, Appellee.**

No. 3369.

Court of Civil Appeals of Texas.

Eastland.

May 16, 1958.

Rehearing Denied June 6, 1958.

V. K. Wedgworth, Mineral Well, for appellant.

Walter E. Jordan, Fort Worth, for appellee.

GRISSOM, Chief Justice.

There was a collision between the automobiles driven by V. K. Wedgworth and the daughter of R. L. Cook and Wedgworth sued R. L. Cook for damages. The verdict and the judgment were for the defendant and plaintiff has appealed.

Plaintiff alleged that the car with which he collided was owned and driven by R. L. Cook or, in the alternative, that it was driven by Cook's daughter "with the knowledge and consent and under the authority of defendant, in the discharge of defendant's duties to his family and to said Nancy Gail, in providing for their convenience, comforts, pleasures and necessities, and that said Nancy Gail was acting within the scope of her mission and authority, and within the line of her duty and employment, as the daughter of defendant."

The cause was submitted to the jury by simply asking, "Do you find for the Defendant or the Plaintiff?". The jury answered that they found for the defendant. There was no objection to the submission of said question. There was no request that the case be submitted on special issues. The plaintiff asked the court to give the

jury eight special instructions. The request was refused. Numbers 1 and 5 of the eight instructions requested en masse will serve as typical examples. Number 1 was:

"In this case you are instructed that if you believe, and find from the evidence, that the point of impact of defendant's car with plaintiff's car was across the center of the avenue on plaintiff's side, you will find for the plaintiff in such sum as you believe and find from the evidence that plaintiff's car was damaged."

Number 5 was:

"In this case you are instructed that in a city, where there are frequent cross-streets, and where houses, trees and shrubbery obstruct the view, drivers of cars are bound to use a high degree of care to watch out for said crossing, and are not relieved of this duty by the fact that some of these cross-streets may have stop signs on them."

Plaintiff's points are:

(1) "The court erred in refusing to instruct the jury as to the law in the case, and in refusing charges Nos. 1 to 8, specially requested by the plaintiff.

(2) "The court erred in refusing plaintiff's motion for new trial and in refusing to enter judgment for plaintiff on the law and the undisputed facts in the case."

Under said points appellant says it is fundamental that the court must give a charge on the law unless it is expressly waived. He cites as authority therefor Vernon's Ann.Civ.St. Article 2184, which has been repealed. We are of the opinion that the refusal to give the eight specially requested instructions did not constitute reversible error. Among other things, most of them would have required a judgment for the plaintiff without a finding that defendant's daughter was acting as the agent of the defendant, regardless of the

jury's finding of negligence and proximate cause and of the jury's belief as to the preponderance of the evidence and disregarded the defenses of contributory negligence and unavoidable accident.

■ Appellee has filed a motion to strike the statement of facts filed by appellant. If sustained, such action alone would require affirmance of the judgment. In said motion appellee says the evidence shown by the statement of facts to the effect that Nancy Gail Cook was working to help support herself and the family and using his car to go to and from work with his consent was not, in fact, testified to by Mr. Cook or anyone else. The certificate of the trial judge is as follows:

"The parties could not agree on a statement of facts, and the court hereby approves the above and foregoing as an approximately true, complete and correct reproduction of the testimony offered in this cause, and the attached diagram is an approximately correct reproduction of the drawing that was placed on a black-board before the jury, and its correctness was undisputed."

No form of certificate of the judge's approval of the statement of facts is prescribed. 3-A Tex.Jur. 680. We think this is a substantial compliance with Texas Rules of Civil Procedure 377. Crawford v. Crawford, Tex.Civ.App., 181 S.W.2d 992, 995 and Johnson v. Werbner, Tex.Civ.App., 149 S.W.2d 600.

Appellee's contest of said statement of facts, including his contention that there was no such testimony as that heretofore mentioned, was presented to the trial court and decided against him. We, of course, cannot know what the witness testified. Whether the copy of the picture on the blackboard is properly included need not be decided because it is immaterial to the decision. Under the circumstances we cannot order anything sent to this court nor direct that the statement of facts approved by the

trial court be altered. See Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W.2d 676.

Appellee's motion to strike the statement of facts is overruled. Appellant's points are overruled. The judgment is affirmed.