**TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Daniel MOLINAR, Appellee.**

**No. 6875.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 5, 1959.

Rehearing Denied Oct. 26, 1959.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Huff & Splawn, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a Workmen's Compensation case. The parties will be referred to as they were in the trial court. The plaintiff received an award from the Industrial Accident Board and in due time gave notice that he would not abide by the award and in due time filed his petition in the District Court of Parmer County, Texas, and at the same time filed the same suit in the Federal Court. At the time of mailing the original petition for filing the case in a Parmer County District Court the attorney wrote the District Clerk as follows:

"July 1, 1955

"District Clerk
"Parmer County
"Farwell, Texas
            "Re:  Daniel Molinar v.
                  The Travelers Ins. Co.
"Dear Sir:

"We enclose herewith plaintiff's original petition in the above case for filing, but Please Do Not issue citations as this is a double filing only.

"We would like for you to furnish us with the number of this case on the enclosed card. We enclose our check in the amount of $5.85 as a deposit on court costs.

                  "Very truly yours,"

The case was duly prosecuted and tried in the Federal Court, and at the close of the plaintiff's testimony, the court on February 7, 1956, dismissed the case for lack of prosecution. Thereafter, on February 14, 1956, the plaintiff's attorney wrote the following letter to the District Clerk of Parmer County:

"February 14, 1956

"District Clerk
"Parmer County
"Farwell, Texas
            "Re:  Daniel Molinar vs. The
                  Travelers Ins. Co.
                  No. 1796, Parmer County.
"Dear Sir:
"We enclose herewith copy of plaintiff's original petition which is No. 1796 on file there in Parmer and we now ask that you issue citations and forward to the Sheriff for service upon the defendant immediately. We enclose our check in the amount of $10.00 as additional deposit on court costs and ask that the case be placed on the jury docket.

"We also enclose postal card on which we ask that you advise us of the date service is obtained and who is served.

"Thanking you, we are
                  "Very truly yours,"

Defendant answered and admitted that plaintiff sustained an accidental injury in the course of his employment but pleaded the incapacity was temporary and not permanent. The defendant filed its motion for summary judgment in the District Court of Parmer County, contending as follows:

"Defendant moves that the court, pursuant to Rule 166–A, Texas Rules of Civil Procedure, enter a summary judgment in favor of the defendant, The Travelers Insurance Company, and against the plaintiff, Daniel Molinar, on the grounds that there is no genuine issue as to any material fact and that defendant is entitled to judgment against plaintiff as a matter of law because:

"(1) Plaintiff did not, in compliance with Art. 8307, Sec. 5 of the Texas Civil Statutes, institute and prosecute a suit to set aside the award of the Industrial Accident Board within 20 days following their giving notice of intention to appeal from the board;

"(2) The judgment entered in Civil Action No. 2026, In the United States District Court for the Northern District of Texas, Amarillo Division, is *res judicata* of this action; and,

"(3) Plaintiff is not entitled, as a matter of law, to mature the award entered by the Industrial Accident Board because by filing suit, in which defendant joined issue, the board has lost jurisdiction and its award cannot now be matured."

Plaintiff also filed his motion for summary judgment in the District Court of Parmer County contending that since defendant was contending the plaintiffs did not institute and prosecute a suit to set aside the award of the Industrial Accident Board within 20 days following their giving notice of intention to appeal from the Board, and, since the defendant failed to give notice that it would not abide by the Board's order and appeal therefrom, that he was entitled to have the award of the Industrial Accident Board declared final. The trial court sustained plaintiff's motion for summary judgment and hence this appeal.

■ Appellant presents its appeal upon four assignments of error. By point 1 it is contended there were no pleadings to substantiate such summary judgment, and by point 4 that there were disputed fact issues which could not be decided on a hearing for summary judgment. Plaintiff, by his amended petition, sought to recover compensation at the rate of $25 per week for a period of 119 weeks. Defendant, by its amended answer, admitted that plaintiff sustained an accidental injury in the course of his employment but that said incapacity did not exceed 11 days following the date of the injury. This clearly shows a fact issue to be determined as to the length of plaintiff's incapacity but would not be involved as to declaring the order of the Industrial Accident Board final. We sustain appellant's assignments of error 1 and 4. We are of the opinion that points 2 and 3 cover the real issues involved in this appeal. However, we would sustain appellant's point of error

1 and 4 if the summary judgment was based upon an original trial and not an order declaring the order of the Industrial Accident Board final.

■ By appellant's second point of error it is contended the trial court did not have jurisdiction of the cause since appellee did not institute and prosecute the suit to set aside the award within 20 days as required by Art. 8307, Sec. 5, Vernon's Ann.Tex.Civ. St. The plaintiff filed his petition in the District Court of Parmer County in due time and requested the clerk not to issue citations at that time as that was a double filing. The plaintiff at the time of filing the petition in the District Court of Parmer County also at that time filed in the Federal Court the same appeal from the action of the Industrial Accident Board and did institute and prosecute that suit to set aside the award. At the closing of the plaintiff's testimony in the Federal Court the Judge, on February 7, 1956, dismissed the case for lack of jurisdiction. Plaintiff then on February 14, 1956, requested the District Clerk to issue a citation in this case and citation accordingly was issued, and defendant answered, but since the defendant's original answer is not shown in the transcript, we do not know what it contained. In defendant's first amended original answer, by special exception, the question is presented as to whether or not the plaintiff instituted and prosecuted this suit at the time it was originally filed as required under Art. 8307, Sec. 5, V.T.C.S. The exception was never passed upon by the trial court. The parties personally appeared in court and each presented their respective contentions.

■ We are familiar with the rule that the 20-day time limit within which the suit must be filed is jurisdictional and mandatory in Workmen's Compensation case; but under this record, we are unable to say the plaintiff did not prosecute his appeal from the ruling of the Industrial Accident Board. It is stated in the case of Texas Employment Commission v. Stewart Oil Co., 153 Tex. 247, 267 S.W.2d 137, 138, by the Supreme Court, as follows:

"Rule 1 provides that the objective of the rules is 'to obtain a just, fair, equitable and impartial adjudication of the rights of litigants * * * with as great expedition and dispatch and at the least expense both to the litigants and to the state' as may be practicable. Under these rules it is our duty to see that a case is disposed of upon its merits 'where this can be done without doing violence to the rules or injustice to the rights of the parties.' Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W.2d 676, 678. Under these circumstances, and in view of the ambiguity in the statute, we hold that the premature delivery of the original petition to the Clerk did not prevent it from taking effect upon the Commission's ruling becoming final.

"We can find no harm done to the Commission by the premature filing. Here there was no motion for rehearing filed with the Commission and the Commission itself made no effort to review the case. We can see no reason why the jurisdiction of the Trial Court should not attach as soon as the ruling of the Commission became final."

We think it is clearly shown in this case that the appellee had a bona fide intention to prosecute appeal from the action of the Industrial Accident Board. It is true the appellee did not have citation issued in the Parmer County District Court case until some 7 months after filing the petition, but so far as the appeal from the action of the Industrial Accident Board was concerned, the appeal was at all times being prosecuted in the Federal Court, and as soon as the Federal Court held it did not have jurisdiction, the prosecution continued in the Parmer County District Court. We would, however, take a different view of this case if appellee had not filed a petition in the Parmer County District Court until after the Federal Court had dismissed the case. In Maryland Casualty Co. v. Jones, 129 Tex. 392, 104 S.W.2d 847, 849, by the Commission of Appeals, it is stated:

"Of course, there must be a bona fide intention to prosecute the suit, which must be evidenced by acts of the party filing same, an undisclosed intention not being sufficient."

Appellant's second point of error is overruled.

■ Appellant's point of error 3 is as follows:

"The judgment as entered, maturing the award of the Industrial Accident Board, is fatally defective because plaintiff did not institute a suit under the provisions of Article 8307, Section 5a, V.A.T.S., to mature the award but elected under the provisions of Article 8307, Section 5, V.A.T.S., to set aside the award of the Industrial Accident Board."

We think it is so well settled in this State that when appeal from the action of the Industrial Accident Board is taken by proper action filed in the District Court that the order of the Industrial Accident Board becomes a nullity that no comment is necessary. Since the plaintiff did give notice and appealed from the order of the Industrial Accident Board, the order became a nullity and the District Court did not have any further right to declare the action of the Industrial Accident Board still in full force and effect. In the case of Southern Canal Co. v. State Board of Water Engineers, Tex., 318 S.W.2d 619, 622, by the Supreme Court, it is stated:

"In Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 692, we said: 'Power to try a case de novo vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court.' The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a retrial of the issues on

which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified. Examples of that type of trial are found in our statutes applicable to appeals from Justice Court judgments and from awards made by the Industrial Accident Board."

See also Zurich General Accident & Liability Ins. Co., Limited v. Rodgers, 128 Tex. 313, 97 S.W.2d 674, by the Supreme Court. We overruled the plaintiff's third assignment of error. Judgment of the trial court is reversed and cause remanded.