TEXAS EMPLOYMENT COMMISSION, ET AL V.
STEWART OIL COMPANY

Nos. A-4412, A-4413. Decided April 14, 1954.
(267 S.W. 2d Series 137)

*John Ben Shepperd,* Attorney General, *J. A. Amis, Jr.,* and *Sam Lane,* Assistants Attorney General, *Lee G. Williams* and *John M. Barcus,* both of Austin, for petitioners.

The Court of Civil Appeals erred in overruling petitioner's point that the trial court was without jurisdiction to render judgment in this suit. Floydada Ind. Sch. Dist. v. Shipley, Com. App. 250 S.W. 159; State v. Dallas Liquor Warehouse, 147 Texas 495, 217 S.W. 2d 614; Harris v. City of Fort Worth, 142 Texas, 600, 180 S.W. 2d 131.

*Paul Branch,* of Kilgore, *Spruiell, Lowry, Potter & Lasater,* and *J. Donald Guinn,* of Tyler, for respondent.

The Stewart Oil Company having exhausted its administrative remedy it was entitled to judicial review. Railroad Commission v. Houston Chamber of Commerce, Com. App., 78 S.W. 2d 591; Oilmen's Reciprocal Assn. v. Harris, 116 Texas, 247, 288 S.W. 809; Mingus v. Wadley, 115 Texas 551, 285 S.W. 1087.

MR. JUSTICE WILSON delivered the opinion of the Court.

The question here is when does an administrative ruling of the Texas Employment Commission upon a claim for benefits become final.

The respondent, Stewart Oil Company, tendered its original petition to the County Clerk for filing seven days after an adverse ruling by the Commission. The Commission contends: (1) That its ruling does not become final until ten days after it is issued; (2) that a dissatisfied party then has ten days to commence an action for judicial review, and (3) since this "action" was filed on the seventh day after the Commission's ruling was issued, it was filed before the Commission's ruling became final and as a result the District Court acquired no jurisdiction.

The question is raised because of some ambiguity between Sections (h) and (i) of Article 5221b-4, Vernon's Texas Civ. Stat. These are:

"* * * (h) Appeal to Courts: Any decision of the Commission in the absence of an appeal therefrom as herein provided shall become final ten (10) days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only

after any party claiming to be aggrieved thereby has exhausted his remedies before the Commission as provided by this Act. * * *"

"* * * (i) Court Review: Within ten (10) days after the decision of the Commission has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision * * *."

■ We hold that the decision of the Commission becomes final ten days after the date of notification or mailing thereof. This has been the administrative practice of the Commission for a number of years. It is in accord with the construction of similar statutes in other states. Shumaker v. State Labor Dept., 118 Pac. 2d 550; Bryant v. Hayden Coal Co., 137 Pac. 2d 417. This construction makes possible but does not require in administrative procedure the equivalent of a motion for rehearing in court procedure. It allows the Commission to retain jurisdiction to reopen the matter.

■ The Commission claims that the trial court acquired no jurisdiction of this particular action because it was filed during this ten-day period and before the administrative ruling became final. The action for judicial review could not take effect before the administrative ruling became final because Section (h) specifically provides that judicial review "shall be permitted only after" exhausting administrative remedies. Section (i) provides that an aggrieved party may secure judicial review by commencing an action within ten days after the decision of the Commission has become final. Since this statute does not define the words "commence an action," the mechanics of doing so are goverened by the Court Rules. Rule 22, T.R.C.P., provides that a civil suit "shall be commenced by a petition filed in the office of the clerk." In the case at bar the petition as filed remained in the possession of the Clerk and was in the possession of the Clerk tendered for filing at the expiration of the ten days. To insist upon the respondent's subsequently filing a duplicate set of papers and obtaining a new filing stamp would be a retreat into formalism wholly inconsistent with the spirit of the Texas Rules of Civil Procedure.

■ Rule 1 provides that the objective of the rules is "to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants * * * with as great expedition and dispatch and at the least expense both to the litigants and to the state" as may be

practicable. Under these rules it is our duty to see that a case is disposed of upon its merits "where this can be done without doing violence to the rules or injustice to the rights of the parties." Smirl v. Globe Laboratories, 144 Texas 41, 188 S.W. 2d 676. Under these circumstances, and in view of the ambiguity in the statute, we hold that the premature delivery of the original petition to the Clerk did not prevent it from taking effect upon the Commission's ruling becoming final.

We can find no harm done to the Commission by the premature filing. Here there was no motion for rehearing filed with the Commission and the Commission itself made no effort to review the case. We can see no reason why the jurisdiction of the Trial Court should not attach as soon as the ruling of the Commission became final.

Although Shumaker v. State Labor Dept., supra, held that a premature filing defeated jurisdiction, we think the better reasoning is found in the recent case of Lemke v. United States of America, 346 U.S. 325, 74 Sup. Ct. 1, 98 L. Ed. 3, where the court held that the premature filing of a notice of appeal in a criminal case did not destroy the appeal. The defendant was sentenced on March 10th. He filed notice of appeal on March 11th. The judgment was entered on March 14th. Federal Rule 37(a) (2) provided for an appeal 10 days "after entry of judgment." The court said:

"The notice of appeal filed on March 11 was, however, still on file on March 14 and gave full notice after that date, as well as before, of the sentence and judgment which petitioner challenged. We think the irregularity is governed by Rule 52(a) which reads 'Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded'."

If the premature notice of appeal in a criminal case did not prevent the appeal from taking effect and conferring jurisdiction upon an appellate court, it certainly should not have that effect in a somewhat comparable civil situation in a trial court.

The judgments of the trial court and the Court of Civil Appeals are affirmed.

Opinion delivered April 14, 1954.