**Carl HENRY, Petitioner,**

v.

**DEPARTMENT OF LABOR and Brandywine Construction Co., Inc., Respondents.**

Superior Court of Delaware,
New Castle.

May 15, 1972.

Elwyn Evans, Jr., Community Legal Aid Society, Inc., Wilmington, for petitioner.

Peter M. Sieglaff, Potter, Anderson & Corroon, Wilmington, for respondent Brandywine Construction Co., Inc.

## OPINION

O'HARA, Judge.

Carl Henry ("petitioner") has filed a Petition for Review of the decision of the

Unemployment Insurance Appeal Board ("Board") which determined his date of eligibility to receive unemployment compensation benefits. The respondent, Brandywine Construction Co., Inc., "employer"), has moved to dismiss the petition.

Petitioner, employed as a laborer by employer from March to August, 1970, left his job on the advice of his physician while suffering from sacroiliac arthritis. On October 30, 1970, the petitioner applied for unemployment compensation benefits. 19 Del.C. § 3315(1) provides that "if an individual has left his work involuntarily because of illness, no disqualification (from benefits) shall prevail after he becomes able to work and available for work and meets all other requirements under this title, but the Department shall require a doctor's certificate to establish such availability". The Board, in a decision mailed to the parties on July 6, 1971, found that the petitioner "produced a doctor's certificate showing the ability to resume full employment as of May 28, 1971, and is thus eligible for the receipt of benefits commencing May 28, 1971, if otherwise eligible". On August 19, 1971, the petitioner filed with this Court a Petition for Review.

Title 19, Delaware Code, § 3322 and § 3323 provide in pertinent part:

"§ 3322. Finality of Board's decision; duty to exhaust administrative remedies; position of Department in judicial review

(a) Any decision of the Unemployment Insurance Appeal Board shall become final 10 days after the date of notification or mailing thereof, and judicial review thereof as provided in this subchapter shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this chapter.

(b) . . . .

§ 3323. Judicial review; procedure

(a) Within 10 days after the decision of the Unemployment Insurance Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court in the county in which the claimant resides or the employer's place of business is located, against the Unemployment Insurance Appeal Board for the review of such decision, in which action any other party to the proceeding before the Unemployment Insurance Appeal Board shall be made a defendant.

(b) . . . .

(c) . . . . ."

The petitioner filed his Petition for Review 44 days after the mailing of the Board's decision. On the face of the record, the petitioner has failed to file a timely appeal as the petition was not filed within the 20 day appeal period. Lockwood v. Unemployment Compensation Com'n 6 Terry 536, 76 A.2d 311 (Del. Super.1950).

Rule 72(g) of the Superior Court Rules of Civil Procedure provides that an appeal from an administrative body "shall be heard and determined by the Superior Court from the record of proceedings below . . . . ". The petitioner, however, has presented the Court with two letters not contained in the certified record. In a letter to the director of the Division of Unemployment Insurance, receipt of which was acknowledged on July 16, 1971, the petitioner, in essence, requested a rehearing before the Board. The second letter submitted by the petitioner was the reply of August 11, 1971, from the attorney for the Board that no ground existed for revision of the decision. The petitioner contends that his request for a rehearing constituted an exhaustion of administrative remedies as provided in 19 Del.C. § 3322(a), tolling the 20 day period for appeal. As his Petition for Review was filed within ten days of the denial of his motion for a rehearing, the petitioner contends that the motion to dismiss by employer should be denied.

■ Every part of the record before an administrative agency which is necessary to a review of its decision must be made part of the record brought before the Court. 73 C.J.S. Public Administrative Bodies and Procedure § 182. The letters presented by the petitioner present a substantial question of the construction to be accorded 19 Del.C. § 3322. The letters, as such, are necessary to a review of the Board's decision. The existence and content of these letters are not in dispute. Even though they are not a part of the formal record forwarded to this Court, this Court, within its discretionary powers and in the interest of accelerating the procedures, will assume for the purpose of this decision that the letters are a part of the record for consideration.

It is convenient at this time to decide the motion to dismiss by employer in light of the correspondence between the petitioner and the Board. The question presented is whether the petitioner's request for a rehearing on July 16, 1971, constitutes pursuit of administrative remedies tolling the 20 day period for appeal.

■ No provision in Title 19, Delaware Code, chapter 33 provides the Board with the power to grant a rehearing. In Delaware, however, a public body exercising judicial functions inherently has the power, even without statutory authority, to reopen and reconsider a decision until it loses jurisdiction. In Lyons v. Delaware Liquor Commission, 5 Del.Gen.Sess. 304, 58 A.2d 889 (1948), where a decision by the Delaware Liquor Commission refusing to grant a liquor license was affirmed, the Commission granted a motion for rehearing and vacated a previous order before the period for seeking judicial review had expired. The Court in *Lyons* determined that the Commission inherently had the power to reopen and reconsider the case, saying,

"It is an inherent power of Courts of record to vacate judgments or orders under proper circumstances, within a limited period after rendition . . . There are obvious analogies between a judgment of a Court and a decision of the Liquor Commission. The need for an opportunity for correction of errors, change of mind, or obtaining more adequate factual grounds for a decision is no less present in the case of a decision of the Commission than in the case of a judgment of a Court. The mere filing of a decision confers nothing in the nature of a 'vested right.' We think that the Commission's power to make a decision implies a power to vacate it, where cause is shown, within a limited period . . . ."

■ It is the conclusion of this Court that the Board, a review board within the Department of Labor, Division of Unemployment Insurance, with "the power to hear appeals from decisions of appeal tribunals", (29 Del.C. § 8509), as a public body exercising judicial functions, inherently has the power to reopen and reconsider its decisions. See also Annot., 73 A. L.R.2d 939; 73 C.J.S. Public Administrative Bodies and Procedure § 156. A timely motion for a rehearing before a public body exercising judicial functions, like a timely motion for a new trial before a court, will toll the running of the time for taking an appeal. 73 C.J.S. Public Administrative Bodies and Procedure § 156; 6A Moore's Federal Practice, § 59.09(4). If the petitioner filed a timely motion for a rehearing before the Board, running of the appeal period was tolled until the motion was denied.

■ A motion for rehearing, tolling the time for taking an appeal, is timely filed as long as the administrative body retains jurisdiction. In *Lyons* the Court determined that the Delaware Liquor Commission retained jurisdiction until the expiration of time for seeking judicial review. Lyons v. Delaware Liquor Commission, supra. The governing statute in *Lyons* provided that a

decision of the Commission became final, ultimately, when the period for taking an appeal had expired. 19 Del.C. § 3322 provides, however, that a decision of the Board becomes final ten days after the date of notification or mailing of the decision. The period for taking an appeal is extended to ten days after the Board's decision becomes final. 19 Del.C. § 3323. The question, therefore, presented is: At what time does the Board lose jurisdiction?

In Texas Employment Commission v. Stewart Oil Co., 153 Tex. 247, 267 S. W.2d 137 (1954), the Texas Supreme Court was presented with statutory sections virtually identical to 19 Del.C. § 3322 and § 3323. The Texas court, while ruling that filing for review of a Commission decision, prior to becoming final, did not defeat the trial court's jurisdiction of appeal, noted the policy underlying unemployment compensation statutes that allow ten days after mailing or notification before holding a decision final, saying,

> "This construction makes possible but does not require in administrative procedure the equivalent of a motion for rehearing in court procedure. It allows the Commission to retain jurisdiction to reopen the matter."

Following this rationale, the Board retains jurisdiction until its decision becomes final. If a motion for a rehearing is made before the Board's decision becomes final, ten days after the mailing or notification to the parties, the running of the appeal period is tolled.

The general rule in Delaware for the computation of time under a statute is that "the first day should be excluded but the day on which the act is to be done should be included." Santow v. Ullman, 39 Del.Ch. 427, 166 A.2d 135 (Del.Supr.1960). The petitioner's motion for a rehearing filed on July 16, 1971, therefore, the day before the Board's decision, mailed on July 6, 1971, became final, was timely filed.

Employer contends that an ex parte letter to the Director of the Division of Unemployment Insurance, rather than a member of the Board, is not the proper procedure for obtaining a rehearing. 29 Del.C. § 8508(b), however, provides that "the administrative, ministerial, fiscal and clerical functions heretofore performed by the Employment Security Commission of Delaware in the exercise of its powers and duties as a review board, pursuant to the provisions of chapters 31 and 33 of Title 19, should be performed by the Division of Unemployment Insurance". The Employment Security Commission of Delaware was renamed the Unemployment Insurance Appeal Board and continued as a review board within the Department of Labor in the reorganization of state government. 29 Del.C. § 8509. A request for a rehearing of the Board's decision, therefore, in accord with 29 Del.C. § 8508(b), is proper when made with the Division of Unemployment Insurance. The petitioner, directing his request to the Director of the Division of Unemployment Insurance, followed an acceptable procedure when he requested a rehearing of the Board's decision.

The petitioner, seeking to secure judicial review of the decision of the Board, timely filed the petition for review within ten days after the denial for a rehearing.

The motion to dismiss by employer is denied and the matter remanded to the Board for formal consideration by it of petitioner's motion for a rehearing.

It is so ordered.