**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| AMAZON.COM, INC., | ) | |
| | ) | |
| Employer-Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N20A-06-001 CLS |
| | ) | |
| ERIN MESSNER, | ) | |
| | ) | |
| Claimant-Below, | ) | |
| Appellee. | ) | |
| | ) | |

Date Submitted: October 5, 2021
Date Decided: October 29, 2021

*Upon Appellant's Appeal from the Order of the Industrial Accident Board.*
**REMANDED.**

## ORDER

John J. Ellis, Esquire, Heckler & Frabizzio, Wilmington, Delaware, 19899, Attorney for Employer-Below/Appellant, Amazon.com, Inc.

Bayard Marin, Esquire, Law Office of Bayard Marin, Wilmington, Delaware, 19801, Attorney for Claimant Below/Appellee, Erin Messner.

**SCOTT, J.**

## INTRODUCTION

Before this Court is Appellant Amazon.com, Inc. ("Appellant Employer") appeal from the decision of the Industrial Accident Board ("Board"). The Court has reviewed the parties' submissions and heard oral arguments. For the following reasons, the Board's decision is **REMANDED.**

## BACKGROUND

On March 31, 2016, Erin Messner ("Appellee") sustained a work-related accident while working for Appellant Employer. Appellant Employer acknowledged the work-related accident and agreed with Appellee on compensation of $346.91 per week from September 17, 2016, to August 16, 2017, permanency benefits for 5% head loss and medical expenses (the "Agreements").

On July 2, 2019, Appellant Employer petitioned the Board to rescind the Agreements and for the Board to refer the matter to the Fraud Prevention Bureau of Delaware Insurance Department ("Fraud Prevention Bureau").

On December 4, 2019, the Board heard the Appellant Employer's case-in-chief and recessed. On February 3, 2020, the matter concluded with Appellee's case-in-chief.

The Board render a decision on May 14, 2020, finding, "After considering the protracted presentations by the parties, totaling over six hours, the Board does not find sufficient evidence of fraud to justify voiding the Agreements as to

Compensation between the parties or referring the matter to the Fraud Prevention Bureau." The Board presented the five elements, from *Comegys*, an employer must prove for an open agreement to be set aside for fraud.[1] Those five factors are: (1) the defendant-claimant made a substantial, material misrepresentation respecting the transaction; (2) the representation must be false; (3) the defendant-claimant must have known the representation was false when she made it; (4) the defendant must have made the representation with the intention of inducing the employer to act on it; and (5) the employer did act in reliance on the statement and was harmed as a result.[2] The Board stated the Appellant Employer failed to meet "many" of the Comegys factors to justify setting aside the Agreement. According to the Board, they found Appellee did not make a substantial and material misrepresentation when she told contemporaneous medical personnel and claims adjuster, she had no head injuries or issues before her work accident. Factor one was the only factor discussed by the board. In addition, the Board found, "The present case is dissimilar from several recent cases where the board has found evidence for fraud and either voided an agreement or referred the matter to the Fraud Prevention Bureau."

---

[1] *Comegys v. Chrysler Corp.*, Del. IAB, Hearing No. 292791 (April 14, 1982 & August 16, 1983), aff'd, *Comegys v. Chrysler Corp.*, Del. Super., C.A. No. 83A-SE-5, Taylor, J. (July 20, 1984).
[2] *Id.*

This appeal follows. Upon receiving this appeal, the Court became aware it only received transcripts from the December 4, 2019, hearing. Transcripts from testimony heard in Appellee's case-in-chief on February 3, 2020, are not available due to "equipment malfunction." Oral arguments for this appeal were heard on October 5, 2021.

## STANDARD OF REVIEW

On appeal from the Industrial Accident Board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[3] In reviewing the actions of the agency, the Court is required "to search the entire record to determine whether, on the basis of all the testimony and exhibits before the agency, it could fairly and reasonably reach the conclusion that it did."[4] "Therefore, every part of the record before an administrative agency which is necessary to a review of its decision must be made part of the record brought before this Court."[5] If the Court determines that the record is incomplete, the Court will remand the matter to the Board for further hearings or factual determinations.[6]

---

[3] *Bedwell v. Brandywine Carpet Cleaners*, 684 A.2d 302, 304 (Del. Super. 1996) (*citing General Motors Corp. v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).
[4] *Nat'l Cash Register v. Riner*, 424 A.2d 669, 674–75 (Del.Super.1980).
[5] *Perrine v. State*, 1994 WL 45341, at *1 (Del.Super.) (citing Henry v. Dep't of Labor, 293 A.2d 578, 581 (Del.Super.1972)).
[6] 29 Del. C. § 10142(c).

## DISCUSSION

**Remand to Complete Record**

There is no dispute in the absence of the February 3, 2020, transcript. The absence of this record leaves this Court with no transcript from the Appellee's case-in-chief. This includes testimony from Appellee testifying on her own behalf, Vincent E. Schaller, M.D. and Bridget Byrne, a friend of Appellant, testifying on Appellee's behalf. In rendering its decision, the Board relied on the testimonies of the February 3, 2020, hearing.

Because of the absence of the transcript, this Court finds the Board record incomplete. Under this circumstance, the Court must remand to the Board as without the transcript this Court is unable to determine whether there is sufficient evidence to support the Board's decision.

## CONCLUSION

For the reasons stated above, Appellant's Appeal from the Order of the Industrial Accident Board is **REMANDED** with instructions the Board should reopen its hearing on this matter to provide parties the opportunity to replace the record lost.

**IT IS SO ORDERED.**

<u>**/s/ Calvin L. Scott**</u>
**Judge Calvin L. Scott, Jr.**

5