**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

RUDOLPH HAWKINS, )
          )
    Claimant-Below, )
    Appellee, )
          )
       v. )    C.A. No. N22A-07-002 CLS
          )
UNITED PARCEL SERVICE, )
          )
    Employer-Below, )
    Appellant. )
          )

Date Submitted: March 2, 2023
Date Decided: May 30, 2023

*Upon Appellant's Appeal from the Order of the Industrial Accident Board.*
**AFFIRMED.**

## ORDER

William Stewart, Esquire, Nitsche & Fredricks, LLC, Wilmington, Delaware, 19805, Attorney for Claimant Below-Appellee.

Brandon R. Herling, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, New Castle, Delaware, 19720, Attorney for Employer-Below/Appellant, United Parcel Service.

**SCOTT, J.**

1

## INTRODUCTION

Before this Court is Appellant United Parcel Service's ("UPS") appeal from the decision of the Industrial Accident Board ("Board"). The Court has reviewed the parties' submissions. For the following reasons, the Board's decision is **AFFIRMED.**

## BACKGROUND

Rudolph Hawkins ("Mr. Hawkins") sustained compensable injuries to his lumbar and thoracic spine and left trigger and ring fingers on October 28, 2018, while employed by appellant United Parcel Service ("UPS") and was paid compensation for a period thereby ("the Work Accident").

On December 9, 2019, Mr. Hawkins filed a Petition to Determine Additional Compensation Due ("2019 Petition") alleging entitlement to ongoing total disability benefits beginning October 17, 2019 and "2 surgeries recommended by Drs. Kahlon & Yalamanchili."

On February 7, 2020, UPS filed a Petition for Review ("UPS's Petition for Review"), seeking to terminate Claimant's total disability benefits. On May 27, 2020, UPS's Petition for Review and Mr. Hawkins' 2019 Petition were consolidated into a single matter by stipulation.

After the parties retained experts and took depositions for the consolidated matter, Mr. Hawkins and UPS negotiated a settlement which resolved the

consolidated matters ("the Settlement"). In exchange for resolution of UPS's Petition for Review and to resolve Mr. Hawkins' 2019 Petition, Mr. Hawkins (1) signed an Agreement on October 17, 2020, converting his total disability benefits to partial disability benefits, with partial benefits to begin February 8, 2020 ("the Agreement"), (2) withdrew the 2019 Petition, and (3) signed a stipulation consenting to the termination of his total disability benefits effective February 7, 2020.

On April 20, 2021, Mr. Hawkins filed a Petition to Determine Additional Compensation Due ("Mr. Hawkins 2021 Petition,") for ongoing total disability benefits backdated to "date of back surgery and ongoing" and seeking "surgeries performed by Dr. Yalamanchili & Dr. Fisher." Part of the relief under Mr. Hawkins' 2021 Petition was Dr. Yalamanchili's removal of the spinal cord stimulator to enable an evaluation for a fusion.

The parties attempted to resolve Mr. Hawkins' 2021 Petition by attending mediation on September 24, 2021. A couple days before the scheduled Hearing, on October 12, 2021, Mr. Hawkins voluntarily withdrew the 2021 Petition.

On December 10, 2021, Mr. Hawkins filed a Petition to Determine Additional Compensation Due ("Mr. Hawkins' Third Petition") identical to Mr. Hawkins' 2021 Petition that was withdrawn.

On February 25, 2022, UPS filed a Motion to Dismiss Mr. Hawkins' Third Petition on multiple bases: (1) Mr. Hawkins' voluntary withdrawal of the 2021 Petition must be considered with prejudice under the "two dismissal" rule; (2) since the 2021 Petition was dismissed with prejudice, the Third Petition is barred by res judicata; and (3) Mr. Hawkins' claim of ongoing total disability is barred by collateral estoppel because the issue was decided on the merits when the Board accepted the Stipulation. The Board held a hearing on the Motion to Dismiss on May 12, 2022. The Board denied UPS's motion.

With regard to collateral estoppel, the Board found the 2020 Agreement as to compensation was solely regarding partial disability benefits starting as of October 17, 2020 and the Board's termination order terminated total disability as of February 7, 2020. The Board further explained collateral estoppel did not apply because neither of those documents necessarily decided whether medical expenses were reasonable, necessary and causally related to work injury, nor did the documents decide whether Mr. Hawkins might have a future change of condition that would lead to a recurrence of total or partial disability after October 17, 2020, nor did those documents address in any way whether Mr. Hawkins was entitled to compensation for permanent impairment or disfigurement.

On *res judicata*, the Board found the doctrine did not serve as grounds for dismissal because the Board did not dismiss any of Mr. Hawkins' claims at all nor with prejudice.

The Board rejected UPS's assertion that the Board should apply Superior Court Civil Rule of Procedure 41 and treat Mr. Hawkins' dismissals as dismissed with prejudice. The Board explained "The rule referenced is, of course, a Superior Court rule. The Board is not the Superior Court. This Board has its own rules, which contain nothing similar to that provision. Unlike the Court, this Board is an administrative board covered by the Administrative Procedures Act ("APA"). There is no similar restriction contained within the APA, either." According to the Board's own rules: "The Board may, in its discretion, regard any customary rules of evidence and legal procedures so long as such a disregard does not amount to an abuse of discretion." As such, the Board concluded that Superior Court Civil Rule 41(a)(1) was not binding on the Board, so it did not regard the withdrawn petition as dismissed with prejudice. UPS appealed and it is now before this Court.

## PARTIES CONTENTIONS

### *UPS's Position*

UPS argues that the Board's decision to deny Employer's motion was erroneous on two separate bases as a matter of law. First, UPS asserts the Board

erred as a matter of law by failing to apply the "two dismissal" rule from the Superior Court Rule of Civil Procedure 41 to Board proceedings when the rule speaks to justice and fundamental fairness and because public-policy reasons underlying the rule's existence demand its application; as a result of this error, the Board erroneously determined that *res judicata* did not bar Mr. Hawkins' Third Petition.

Second, UPS argues the Board erred as a matter of law by misapplying the collateral estoppel doctrine to the factual record and determining that Mr. Hawkins' repetitive requests for the same spinal cord stimulator removal surgery and total disability benefits, he had already settled were not precluded.

Regarding collateral estoppel, UPS argues the Board erred when it found that Claimant's Third Petition was not barred by collateral estoppel, finding that the Stipulation did not address medical benefits, permanent impairment or disfigurement, or a potential "future change of condition that would lead to a recurrence of total . . . disability at any point after" the Stipulation was filed.

***Mr. Hawkins' Position***

Mr. Hawkins argues the "Two Dismissal" rule comes from Superior Court Rule 41, not a Board rule. Therefore, it cannot be legal error that the Board did not apply a "Two Dismissal" rule that it is not bound by. Additionally, Mr. Hawkins argues collateral estoppel requires an issue of fact to have been decided in a previous

action, which simply did not occur in this matter. Accordingly, Mr. Hawkins asserts collateral estoppel does not bar his petition.

## STANDARD OF REVIEW

On appeal from the Industrial Accident Board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[1] In reviewing the actions of the agency, the Court is required "to search the entire record to determine whether, on the basis of all the testimony and exhibits before the agency, it could fairly and reasonably reach the conclusion that it did."[2] "Therefore, every part of the record before an administrative agency which is necessary to a review of its decision must be made part of the record brought before this Court."[3] The Court does not "weigh evidence, determine questions of credibility or make its own factual evidence findings."[4]

When a discretionary ruling of the Board is appealed, the Court's scope of review is "limited to whether the Board abused its discretion."[5] In this instant case,

---

[1] *Bedwell v. Brandywine Carpet Cleaners*, 684 A.2d 302, 304 (Del. Super. 1996) (*citing General Motors Corp. v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).
[2] *Nat'l Cash Register v. Riner*, 424 A.2d 669, 674–75 (Del.Super.1980).
[3] *Perrine v. State*, 1994 WL 45341, at *1 (Del.Super.) (citing *Henry v. Dep't of Labor*, 293 A.2d 578, 581 (Del.Super.1972)).
[4] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 67 (Del.1965).
[5] *Funk v. Unemployment Ins. Appeal Bd.*, Del.Supr., 591 A.2d 222, 225 (1991).

this Court will review the Board's decision to not apply Superior Court Civil Rules was an abuse of discretion.

## DISCUSSION

The only two issues before this Court are whether there is substantial evidence to support the Board's finding to deny UPS's motion to dismiss based on inapplicability of collateral estoppel and *res judicata* and if the Board abused its discretion by not applying Superior Court Civil Rules in making its decision. This Court finds there is substantial evidence and no legal errors, as well as no abuse of discretion is present in the Board's denial of UPS's motion to dismiss.

### *Substantial Evidence to Support Collateral Estoppel Inapplicable*

This Court finds there is substantial evidence and no legal errors in the Board's finding collateral estoppel did not serve as a basis for UPS's request for dismissal of Mr. Hawkins petition. The record reflects the 2020 Agreement as to compensation was solely based on partial disability benefits starting as of October 17, 2020, and the Board's termination order terminated total disability as of February 7, 2020. Neither the 2020 Agreement nor the termination order necessarily decided whether medical expenses were reasonable, necessary, and causally related to work injury, nor did the documents decide whether Mr. Hawkins might have a future change of condition that would lead to a recurrence of total or partial disability after October 17, 2020, nor did those documents address in any way whether Mr. Hawkins

8

was entitled to compensation for permanent impairment or disfigurement. Therefore, there is no same or similar issue litigated previously regarding Mr. Hawkins' Third Petition at issue in this case.

### *Substantial Evidence to Support Res Judicata Inapplicable*

This Court finds there is substantial evidence and no legal errors in the Board's finding *res judicata* did not serve as a basis for UPS's request for dismissal of Mr. Hawkins petition. The record reflects the Board did not dismiss any of Mr. Hawkins' claims at all nor with prejudice, therefore the doctrine cannot apply.

### *No Abuse of Discretion in Board's Decision to Reject Applying Superior Court Civil Rule*

UPS argues the Board should have applied a "Two Dismissal" rule and granted its Motion to Dismiss. Employer relies upon Delaware Superior Court Civil Rule 41(a)(1) and the language that an action dismissed by a plaintiff pursuant to that rule is dismissed without prejudice, "except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."[6]

UPS cites to no case in its Opening Brief requiring the Board to apply the "Two Dismissal" rule contained in Delaware Superior Court Rule 41(a)(1). Instead,

---

[6] Delaware Superior Court Rule 41(a)(1).

9

UPS argues that the Board "should" apply Superior Court Rule 41(a)(1). This Court cannot force its Rules of Civil Procedure onto the Board as the Board is an administrative agency that promulgates its own procedural rules. There is no suggestion in the caselaw that Superior Court Civil Rules govern where there is no specific Board rule on point.[7] According to the Board's rules in its discretion, may disregard any customary rules of evidence and legal procedures so long as such a disregard does not amount to an abuse of discretion. As such, the Board concluded that Superior Court Civil Rule 41(a)(1) was not binding on the Board, so it did not regard the withdrawn petition as dismissed with prejudice. There is no abuse in discretion in the Board declining to follow a Civil Rule of Procedure when it does not have one on point.

## CONCLUSION

For the foregoing reasons, the Board's decision is **AFFIRMED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

---

[7] *Phiefer v. Wright Const.*, 1990 WL 105054, at *2 (Del. Super. Ct. July 12, 1990), aff'd, 586 A.2d 1202 (Del. 1990)