**Reverse in part and Remand and Memorandum Opinion filed January 30, 2025**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00072-CV

**ALAN SCOTT CAVER, Appellant**

**V.**

**ATTORNEY GENERAL OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Court Cause No. CIV23-0603**

## MEMORANDUM OPINION

Appellant Alan Scott Caver sued Appellee Office of the Attorney General of Texas (the "Attorney General"), alleging that the Attorney General improperly denied his request for compensation under the Crime Victims Compensation Act ("CVCA") and bringing other related claims. The Attorney General filed a plea to the jurisdiction seeking to dismiss the case on the ground that sovereign immunity bars Caver's claims. The trial court granted the plea, and Caver filed this appeal

challenging the trial court's decision as to the CVCA claim.[1]

Because we conclude that Caver has sufficiently demonstrated that the Attorney General's sovereign immunity to suit is waived for his CVCA claim, we reverse the trial court's order granting the Attorney General's plea to the jurisdiction as to that claim and remand to the trial court for further proceedings.

## BACKGROUND

Following the alleged homicide of his mother, Caver filed a request for compensation with the Attorney General under the CVCA for her funeral and other final expenses. On June 28, 2023, Caver attended a phone conference with a representative from the Attorney General's office, Hearing Officer Robert Bueno of the Crime Victim Services Division, regarding his request for compensation. Caver alleges that Bueno orally denied his claim during that call. On July 24, 2023, Caver then submitted a notice of dissatisfaction with the Attorney General's decision.

On August 17, 2023, the Attorney General sent Caver a letter stating its decision to deny his claim. Caver sued the Attorney General on August 21, 2023, alleging that the Attorney General wrongfully denied his claim under the CVCA and asserting other related claims. The Attorney General filed a plea to the jurisdiction asserting that sovereign immunity barred Caver's claims, and the trial court granted the plea. Caver then filed this appeal challenging the trial court's grant of the plea with respect to his CVCA claim.

Caver requested, and the trial court issued, findings of fact and conclusions of law. The trial court found that the Attorney General rendered its final decision on August 17, 2023, and that Caver filed his notice of dissatisfaction beforehand on

---

[1] Although Caver's notice of appeal broadly challenges the trial court's decision, Caver only contests the trial court's decision regarding his CVCA claim and acknowledges that he is waiving his right to contest the trial court's dismissal of his other claims.

2

July 24, 2023. The trial court held that immunity was not waived for Caver's CVCA claim because Caver "filed a notice of dissatisfaction before the Attorney General rendered a final decision on his CVCA claim." The trial court further held Caver did not demonstrate waiver of immunity for his remaining claims on other grounds.

Caver requested additional and amended findings of fact and conclusions of law. The record does not reflect that the trial court has issued amended findings and conclusions or otherwise responded to this request.

### APPLICABLE LAW

"Because sovereign immunity implicates a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction." *Christ v. Texas Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). We review a trial court's ruling on a plea to the jurisdiction, including any questions of statutory construction, de novo. *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). We review subject-matter jurisdiction issues de novo because they are questions of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In suits against a state entity, the plaintiff has the burden to prove that the pleaded facts, if true, affirmatively demonstrate that sovereign immunity either is inapplicable or has been waived. *Matzen v. McLane*, 659 S.W.3d 381, 388, 394 (Tex. 2021).

The parties contest whether Caver complied with statutory prerequisites to filing suit. The term "'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." *City of Madisonville v. Sims*, 620 S.W.3d 375, 378 (Tex. 2020) (quoting *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012)). Statutory prerequisites to suit are jurisdictional with regard to claims against government entities. *Id.*; Tex. Gov't Code § 311.034.

3

The CVCA provides a system intended to "compensate crime victims and those who suffer personal injury or death in the prevention of crime or in the apprehension of criminals." Tex. Code Crim. Proc. art. 56B.002(a). To that end, the CVCA allows crime victims and other eligible persons to file claims with the Attorney General requesting compensation for crime-related expenses. *Id.* art. 56B.051.

After proceeding through the review process detailed in article 56B of the Code of Criminal Procedure, the Attorney General renders a "final decision" on the claim. *Id.* art. 56B.351. Article 56B.351 of the Code of Criminal Procedure directs that "[n]ot later than the 40th day after the date the attorney general renders a final decision" a CVCA claimant must "file with the attorney general a notice of dissatisfaction with the decision." Filing this notice is a statutory prerequisite to suit, as evidenced by the mandatory language of the statute: "[n]ot later than the 40th day after the date the claimant or victim gives notice of dissatisfaction under Article 56B.351, the claimant or victim must bring suit . . . ." *Id.* art. 56B.352; *Sims*, 620 S.W.3d at 378 (stating statutory prerequisites are statutory provisions that must be complied with before filing suit).

In his sole issue on appeal, Caver challenges the trial court's order granting the Attorney General's plea to the jurisdiction as to his CVCA claim. Caver contends that he adequately pleaded a waiver of immunity for the Attorney General by complying with all statutory prerequisites to suit. Caver contends that he satisfied these prerequisites by filing his notice of dissatisfaction with the Attorney General in July 2023 after the Attorney General rendered a final decision denying his claim during a phone call in June 2023.

Caver argues that alternatively, even if the decision was not in final form until

4

the Attorney General's office reduced the decision to writing in August of 2023, Caver's notice was still timely because the CVCA allows Caver to file his notice before the final decision issued. According to Caver, the only statutory restriction on the timing of his notice of dissatisfaction is the requirement that it be filed "not later than the 40th day" after the final decision is rendered. By definition, a notice filed *before* the final decision is rendered is "not later than" the 40th day after the final decision is issued.

The Attorney General responds that there was no final decision until August 2023, and Caver could not fulfill all statutory prerequisites to suit unless he filed his notice of dissatisfaction *after* the final decision issued and within the 40-day period triggered by the rendering of that final decision. The crux of the dispute therefore is (1) whether the Attorney General rendered its final decision over the phone in June 2023 or through its August 2023 letter and, (2) if the final decision was rendered in August 2023, whether the CVCA allowed Caver to file his notice of dissatisfaction prior to the final decision.

We agree with Caver. Assuming *arguendo* that there was no final decision until August 2023, Caver satisfied Article 56B.351's statutory prerequisite to suit by filing his notice of dissatisfaction before the decision was in its final form. Article 56B.351 of the Code of Criminal Procedure simply states that "[n]ot later than the 40th day after the date the attorney general renders a final decision" a CVCA claimant must "file with the attorney general a notice of dissatisfaction with the decision." Tex. Code Crim. Proc. art. 56B.351. We construe this statute with the primary goal of ascertaining and giving effect to the Legislature's intent. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). Our role is to construe the statute "according to what it says, not according to what we think it should have said." *City of San Antonio v. Hartman*, 201 S.W.3d 667, 673 (Tex. 2006) (Brister,

5

J.). We presume that "every word or phrase was used with a purpose in mind," *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010), and that every word excluded was "excluded for a purpose." *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981).

Nothing in the plain text of article 56B.351 makes the rendition of a final decision a precondition to filing a notice of dissatisfaction. Article 56B.351 provides an *outer* deadline for a notice to be filed: "[n]ot later than the 40th day" after the final decision is rendered. The statute contains no language mandating that the notice of dissatisfaction be filed only after the Attorney General's decision is in its final form. If the Legislature wanted a final decision to be a precondition to filing a notice it could have added language to the statute saying so. Accordingly, Caver satisfied Article 56B.351 by demonstrating that he filed his notice of dissatisfaction in July 2023, which was "[n]ot later than the 40th day after" the decision was rendered.

The Attorney General argues that this construction is untenable because article 56B.351 impliedly requires that a written final decision be rendered before a notice of dissatisfaction can be filed. According to the Attorney General, it is impossible to be dissatisfied with a decision that has yet to be rendered. Consequently, as a matter of logic, there can be no dissatisfaction to notice before there is a written final decision.

We disagree for two reasons. First, the Attorney General has not identified any source of law requiring that the final decision be made in writing. The Texas Administrative Code requires that the Attorney General "notify the victim or claimant in writing of the final decision, including the reasons for the decision." 1 Tex. Admin. Code § 61.903(g). This provision requires that the Attorney General's office give a written notice *about* the final decision to the victim or claimant. The

6

notice is not the final decision itself.[2]

Second, Caver's allegations in this case illustrate the kinds of circumstances in which a claimant could be dissatisfied with a decision reached by the Attorney General, even if that decision has not yet been reduced to writing. Here, Caver alleges that he had a phone conference with a representative from the Attorney General's office, Hearing Officer Bueno, in June 2023. Although the parties dispute what was said in that phone conference, it is undisputed that the conference occurred. According to Caver, Bueno was hostile and conveyed that Caver's claim would not be granted. Allegations like these are examples in which a claimant would have knowledge of a forthcoming final decision before it is reduced to writing. Nothing in article 56B.351 requires a claimant to sit on his hands and wait for the decision to be recorded in writing before filing "a notice of dissatisfaction with the decision." Tex. Code Crim. Proc. art. 56B.351.

We find the reasoning by the Texas Supreme Court in *Texas Employment Commission v. Stewart Oil Company*, which held a suit filed in a trial court before a state agency's ruling became final did not defeat subject matter jurisdiction, instructive. 267 S.W.2d 137, 138 (Tex. 1954). In *Stewart*, the plaintiff filed suit seven days after an adverse ruling by the Texas Employment Commission (the "Commission"). *Id.* at 137. The Commission argued that the underlying statute did not make the ruling final until ten days elapsed and that the plaintiff's filing the suit beforehand meant the trial court lacked jurisdiction. *Id.* at 137–38. The Court agreed with the Commission that the underlying statute required the plaintiff to wait for the ruling to be final before filing suit and that the trial court did not have jurisdiction

---

[2] Section 61.903(k) also sets requirements for a "final decision," but it contains no requirement that the final decision be a written decision. 1 Tex. Admin. Code § 61.903(k) ("A final decision from the attorney general may only be rendered by the OAG hearing officer after a prehearing conference, a final ruling hearing, or based on the available record.").

until then. *Id.* at 138. However, the Court held that "the premature delivery of the original petition to the Clerk did not prevent it from taking effect upon the Commission's ruling becoming final" after the ten days elapsed. *Id.* The Court reasoned that there was "no harm done to the Commission by the premature filing" and that the purpose of the Texas Rules of Civil Procedure is to expeditiously reach the merits without infringing on the rules or violating the rights of the parties. *Id.*

The reasoning in *Stewart* similarly applies here. Caver filed his notice of dissatisfaction on July 24, 2023, the Attorney General issued its written decision on August 17, 2023 denying Caver's claim, and Caver filed suit on August 21, 2023. The Attorney General has not alleged harm from Caver's notice being filed in July. Indeed, Caver did not sue the Attorney General until after the written decision was issued so, unlike in *Stewart*, there is no dispute that a decision had become final prior to suit. The Attorney General contends that *Stewart* is distinguishable because, unlike here, the plaintiff in *Stewart* was already aware of the adverse decision and had fulfilled all statutory prerequisites to suit. The Court, however, did not base its decision on the plaintiff's awareness of the adverse decision but rather that "no harm [was] done to the Commission by the premature filing." *Id.* The Court noted that the adverse ruling was not set in stone, stating the ten-day window "allow[ed] the Commission to retain jurisdiction to reopen the matter," which means the Commission could have changed its decision in the three days after the plaintiff filed suit. *Id.* Similarly here, Caver has also alleged that he was aware of the Attorney General's forthcoming decision, given the June 2023 phone call. On the issue of fulfilling statutory prerequisites, Caver has adequately pleaded that he met these requirements.

The Attorney General also asserts that Caver was required to wait for the final decision to be rendered before suing because courts have held that "awaiting a final

8

decision [is] 'a jurisdictional prerequisite to judicial review by the district court and cannot be waived.'" *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 567 (Tex. App.—Austin 2008, pet. denied) (quoting *Lindsay v. Sterling*, 690 S.W.2d 560, 563 (Tex. 1985)). But the cases the Attorney General cites in support of its position rely on courts analyzing exhaustion of remedies before appealing the decision of an administrative agency. *Lindsay*, 690 S.W.2d at 563 (holding the language of the statute at issue required a motion for rehearing to be overruled by the agency before the plaintiff was entitled to judicial review); *End Op, L.P. v. Meyer*, No. 03-18-00049-CV, 2018 WL 4102013, at *2 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (holding the statute at issue required all administrative appeals to the government entity to be final before a trial court could have jurisdiction); *Marble Falls*, 275 S.W.3d at 567–68 (holding that a prior version of the Administrative Procedure Act required a final decision on a motion for rehearing to be rendered before a trial court could have jurisdiction).

But unlike the requirement of exhaustion of remedies before seeking judicial review of an agency decision, the CVCA does not make the rendition of a final decision on a claim a statutory prerequisite to suit. Instead, the notice of dissatisfaction is the statutory prerequisite to suit, and it can be filed before a final decision is rendered. Tex. Code Crim. Proc. art. 56B.352 ("Not later than the 40th day after the date the claimant or victim gives notice of dissatisfaction under Article 56B.351, the claimant or victim must bring suit . . . ."); *Id.* art. 56B.351 (allowing a notice of dissatisfaction to be filed "[n]ot later than the 40th day after the date the attorney general renders a final decision . . . ."). *Marble Falls* itself makes clear that there is a distinction between jurisdictional prerequisites and premature lawsuits: "[t]he premature filing of suit . . . is different than Marble Falls's failure to satisfy a statutory jurisdictional prerequisite to filing suit for judicial review." *Marble Falls*,

275 S.W.3d at 567. The permissibility of premature suits is not unique under Texas law. As the Attorney General concedes, premature suits are permitted under the Texas Administrative Procedure Act. Tex. Gov't Code § 2001.176(a) (prematurely filed petition is effective to initiate judicial review). Premature filings are also effective in other areas such as for motions for new trial, requests for findings of fact and conclusions of law, and notices of appeal. Tex. R. Civ. P. 306c (permitting premature filing of motion for new trial or requests for findings of fact and conclusions of law); Tex. R. App. P. 27.1 (permitting premature filing of notice of appeal).

For these reasons, we hold that Caver has sufficiently demonstrated waiver of the Attorney General's immunity and that the trial court has subject matter jurisdiction over Caver's CVCA claim.

## CONCLUSION

We reverse the trial court's order granting the Attorney General's plea to the jurisdiction as to Caver's CVCA claim and remand to the trial court for further proceedings.

/s/ April Farris
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.

10